## FEURER v. STEWART.

### (Circuit Court, D. Washington, N. D. July 17, 1897.)

ATTACHMENT—CODE OF WASHINGTON—MOTION TO DISSOLVE—APPEARANCE.

Under the Code of the state of Washington (2 Hill's Code, § 318), which provides that "the defendant may, at any time after he has appeared in the action, * * * apply on motion * * * that the writ of attachment be dissolved," a defendant has no right to move to dissolve the attachment, without first entering a general appearance in the action.

This was an action at law by Louis Feurer against Olive J. Stewart, and was commenced by an attachment against the defendant's property. The case is now heard on a motion to dissolve the attachment.

Charles F. Munday, for plaintiff.
Harold Preston, for defendant.

HANFORD, District Judge. On a motion by the defendant to dissolve the attachment of the defendant's property herein, two questions were argued, viz.: (1) Whether, under the Code of this state, a defendant in an attachment suit has a right to move to quash the writ, or dissolve an attachment, without first entering a general appearance in the action. (2) Whether the Code of this state authorizes a writ of attachment to issue in an action to recover unliquidated damages.

On the first question, I hold that, while the primary object of the attachment law is to provide security for the satisfaction of any judgment which the plaintiff may recover in the action, there is also a manifest purpose in the law to coerce the defendant into entering an appearance as a means whereby the court may obtain full jurisdiction of the parties. Section 318, 2 Hill's Code, is as follows:

"Sec. 318. The defendant may at any time after he has appeared in the action, either before or after the release of the attached property, or before any attachment shall have been actually levied, apply on motion, upon reasonable notice to the plaintiff, to the court in which the action is brought, or to the judge thereof, that the writ of attachment be dissolved on the ground that the same was improperly or irregularly issued."

I consider that, according to the spirit and intention, as well as the terms, of the law, the court must refuse to entertain the motion to relieve the defendant from the burden of an attachment, until she places herself within the jurisdiction of the court by a general appearance in the action. Of course, if the court has no jurisdiction to issue the writ, the defendant cannot be coerced into a waiver of the jurisdictional question, but she can be compelled to come in and defend by process against her property within the jurisdiction as well as by service of a summons.

By referring to the record, I find that I am relieved from the necessity of passing upon the second question. It appears by the affidavit for the attachment and the complaint that the plaintiff is proceeding upon the theory that the action is ex contractu, and the defendant is indebted to him in a fixed and definite amount for a breach of covenant. If he can recover at all upon the facts alleged, the amount of his recovery can be ascertained by computation, and fixed by the court, without the aid of a jury. Motion denied.