[No. 6983.  Decided December 10, 1907.]

## F. J. HOLMAN, *Appellant*, v. T. M. COOPER *et al.*, *Respondents.*[1]

ATTACHMENT—DISSOLUTION—GROUNDS.  A motion to dissolve an attachment upon the ground that the property attached was exempt is not warranted by Bal. Code, § 5376, authorizing a dissolution of an attachment that has been improperly or irregularly issued.

SAME — APPEARANCE OF DEFENDANT.  Nonresident defendants, whose real estate has been attached, cannot, under Bal. Code, § 5376, move to dissolve the attachment until after a general appearance is made submitting themselves to the jurisdiction of the court.

Appeal from an order of the superior court for Lincoln county, Warren, J., entered May 14, 1907, in favor of the defendants, dissolving an attachment upon real estate, after a trial on the merits before the court without a jury, in an action upon a promissory note.  Reversed.

*Gallagher & Thayer*, for appellant.

*Merritt, Hibschman, Oswald & Merritt*, for respondents.

DUNBAR, J.—The plaintiff brought suit upon a promissory note for $5,000, signed by the defendant T. M. Cooper and others.  The complaint contained the usual allegations of execution, of nonpayment, of reasonable attorney's fees, etc., and alleged that the defendants were husband and wife at the time the note was signed by the defendant T. M. Cooper.  An affidavit was made, setting forth as a ground of attachment that the defendants were both nonresidents of the state of Washington, and that it was sought to attach the real estate only of the defendants.  Bond was given in pursuance of the provisions of the statute, sureties qualified according to law, the attachment was issued, and a levy of certain real estate was made.  The defendants appeared specially and moved to

[1]Reported in 92 Pac. 781.

dissolve the attachment, upon the record and files and upon the affidavits attached to the motion. The affidavits were, in substance, that the note upon which the suit was founded was a surety obligation of the defendant T. M. Cooper, and that the property attached was the community property of the defendants and not subject to attachment for that debt. No contention was made that the complaint was insufficient to state a cause of action, or that the affidavit for attachment was insufficient, that the bond was insufficient, or that the clerk should not have issued the attachment; the sole contention being that the debt was a surety debt of Cooper, and that the property attached was not liable for that debt. The plaintiff appealed from the order dissolving the attachment.

Many cases cited by the appellant to sustain the contention that the merits of the case cannot be entered into on a motion to dissolve the attachment, but that the attachment can only be dissolved by showing that it was improperly or irregularly issued, undoubtedly state the general rule, but they are of very little benefit to the court in the investigation of this case, for the reason that they are mainly cases where it was assumed that the property in controversy, and which had been attached, was the property of the defendant; while in this case the contention is, not that the writ of attachment was improperly sued out, but that the particular property attached was not subject to the attachment. Neither is this a case where the parties making the motion to dissolve the attachment are strangers to the record, both parties here, the husband and wife, having been sued. So that it seems to us that it narrows itself to the question of what questions can be raised under the motion to dissolve the attachment.

An attachment is a purely statutory matter, and before the writ can be issued, the requirements of the statute must be strictly met. The dissolution of an attachment is equally statutory, and the mandates of the statute in that respect must also be complied with. Our statute provides, Bal. Code,

§ 5376 (P. C. § 536), that the defendant may, at any time after he has appeared in the action, apply upon motion, to the court in which the action is brought or to the judge thereof, that the writ of attachment be discharged on the ground that the same was improperly or irregularly issued. No such application was made in this case, the ground of the motion not being that the attachment was improperly or irregularly issued, but that the property levied upon was exempt from seizure under the writ of attachment. So that it is plain that the requirements of the statute have not been met in that respect. But in addition to this, the statute requires, as a prerequisite to making this motion, that the defendants must appear in the action; and the record in this case does not show that the defendants did appear, but shows that a special appearance was made for the purpose of making the motion. A special appearance in our judgment is not the appearance contemplated by the statute, but the statute requires an appearance in the action for the purpose of trying the issues involved in the action, an appearance by which the defendants submit themselves to the jurisdiction of the court. This question was squarely passed upon by Judge Hanford in *Feurer v. Stewart*, 82 Fed. 294, and it was there held that the defendant had no right to move to dissolve the attachment without first entering a general appearance in the action.

The judgment will be reversed, with instructions to overrule the motion to dissolve the attachment.

HADLEY, C. J., CROW, RUDKIN, FULLERTON, and MOUNT, JJ., concur.