[No. 9730.    Department One.    April 8, 1912.]

M. ROZNIK, *Respondent*, v. N. BECKER, *Appellant.*[1]

ATTACHMENT—REQUESTS—DEFECTIVE BOND — AMENDMENT. Under the statute providing for a liberal construction of the attachment law, and permitting amendments of any defect in the papers or bond, the failure to condition the bond for the payment of "all costs," as required by Rem. & Bal. Code, § 652, is amendable, not being a jurisdictional defect; and the remedy is by motion to amend the bond and not to quash the writ.

ATTACHMENT—COMPLAINT — AMENDMENT—EFFECT ON WRIT. The levy of a writ of attachment, valid when made, is not invalidated by an amendment to the complaint doubling the amount of the demand.

SAME. The amendment of a complaint, in an action for an attachment, repeating the original demand and adding another cause of action, is not an amendment of the first cause of action, and does

[1]Reported in 122 Pac. 593.

not deprive the court of jurisdiction to adjudicate the first cause of action.

PROCESS—SUMMONS—ALIAS SUMMONS—SERVICE. Under the practice in this state of commencing actions by the service of a summons issued by the plaintiff or his attorney, one such notice does not exhaust the power to issue another, and service of a summons with an amended complaint confers jurisdiction, although defendant was not served with the first notice.

PROCESS—SERVICE OUTSIDE STATE—PREREQUISITES. Under the statute providing that a personal service of the summons on the defendant outside the state shall be equivalent to service by publication, service outside of the state does not require, as a prerequisite, the preliminary showing that the defendant was a nonresident, as required in the case of service by publication.

ATTACHMENT—JUDGMENT—FORM—VALIDITY. Upon the attachment of property of a nonresident, a judgment in form both against the person and property attached is not for that reason void, although enforceable only against the property attached.

ATTACHMENT—MOTION TO QUASH—PARTIES ENTITLED. Where an attachment is not void for want of jurisdiction, a party cannot take advantage of defects and errors without appearing generally.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered March 24, 1911, upon findings in favor of the plaintiff, upon defendant's default, in an action upon contract. Affirmed.

*Poindexter & Moore*, for appellant.

*Cohn & Rosenhaupt* and *T. T. Grant*, for respondent.

FULLERTON, J.—On October 4, 1910, the respondent began this action in the superior court of Spokane county, against the appellant, to recover the sum of $1,000, alleged to have been paid the appellant as part of the purchase price of certain merchandise which the appellant agreed to sell and deliver to the respondent, and which he failed to deliver. On the filing of the complaint, a writ of attachment was sued out, under which the sheriff who had the writ for execution levied upon and took into custody certain personal property belonging to the appellant. The affidavit and bond on which

the writ of attachment was based were conditioned for the recovery of a debt of $1,000. Attached to the complaint when filed was a summons, signed by the plaintiff's attorneys, in the form commonly used for service outside of the state.

On October 6, 1910, after the writ of attachment had been issued and served, but before any service of the summons, the respondent amended his complaint, setting forth therein two causes of action; the first was substantially the cause of action set forth in the original complaint; the second, set forth a breach of the contract out of which the first cause of action arose, alleging that the respondent had been damaged thereby in the sum of $1,000. The demand for judgment was for the sum of $2,000. Attached to the amended complaint was a summons, signed by the respondent's attorneys, in form the same as the one attached to the original complaint. This complaint and summons was served upon the appellant in the state of New York on October 27, 1910. Thereafter the appellant appeared specially by counsel and moved to quash the writ of attachment and the service and return thereof, on the ground that the writ was irregularly issued, and that the court was without jurisdiction to issue the same, which motion the court overruled. Thereupon the appellant moved to quash the summons, still appearing specially, on the grounds, (1) that there had been no service of summons or other process in the pending cause whatever served upon the appellant within the state of Washington; (2) that there had been no service on the appellant of the original summons and complaint filed, upon which the writ of attachment was issued, and that the proceedings were wholly insufficient to warrant the service of summons on the appellant outside of the state of Washington; and (3) that the respondent had abandoned the original complaint on which all of the attachment proceedings were based. This motion was likewise overruled.

No further appearances were made by the appellant, and

3—68 WASH.

thereafter the cause was brought on for hearing proofs of the cause of action alleged in the complaint. On this hearing, the respondent abandoned his second cause of action and offered proofs only as to the first. The court found the cause of action proven and entered judgment, personal in form against the appellant, for the sum of one thousand dollars, and directed that the personal property theretofore attached be sold according to law, and that the proceeds of the sale be applied towards the discharge of the judgment. After the entry of the judgment, the appellant again appeared specially and moved to vacate and set aside the same on the ground that it was irregularly made and entered, and that the court in making and entering it acted wholly without jurisdiction. The motion was overruled, and this appeal followed.

In his argument, the appellant reduces his assignments of error to certain specific objections, and we shall notice them in the same manner. It is first objected that the court failed to obtain jurisdiction over the attached property, and hence failed to obtain jurisdiction of the cause of action set out in the complaint, for the reason that the attachment bond is fatally defective. The statute provides (Rem. & Bal. Code, § 652), that "before the writ of attachment shall issue," a bond shall be filed "in double the amount for which the plaintiff demands judgment, conditional that the plaintiff will prosecute his action without delay and will pay all costs that may be adjudged to the defendant, and all damages which he may sustain by reason of the attachment, not exceeding," etc. The bond in this instance omitted the clause with reference to costs, and was conditioned for the payment of damages only. It is this omission that is thought to render the bond insufficient.

The appellant argues, and cites cases to the effect, that statutes authorizing attachments are in derogation of the common law, are extraordinary and summary, and hence must be construed strictly, and that any material departure from the mode provided by the statute renders the attachment and

all proceedings founded thereon void. But while we may concede that counsel states the generally prevailing rule, we are clear that the rule has no application to our practice. In this state, the statute itself provides that its provisions relating to the issuance of attachments shall be liberally construed. It is also provided that the plaintiff suing out the writs shall, at any time when objection is made thereto, be permitted to amend any defect in the complaint, affidavit, bond, writ, or other proceedings; and that no attachment shall be quashed or dismissed, or the property attached released, if the defect in the proceedings has been or can be amended so as to show that a legal cause for attachment existed; and that the court shall give to the plaintiff a reasonable time to perfect such defective proceedings. Under this statute, a motion to quash will not lie except for causes that will defeat an attachment regular in form; such, for example, as go to the jurisdiction of the court to issue the attachment. For any amendable defect, the remedy is to compel an amendment. The objection urged to the bond in question was not a jurisdictional defect, but was a defect capable of being amended. The proper remedy was to move against it specifically, asking that the plaintiff be required to amend it so as to make it conform to the statute. Had this been done, and the plaintiff had refused to amend after an opportunity had been given him to do so, the court could properly have quashed the writ. But it was not error for it to refuse to do so in the first instance on a general motion to quash, made by one appearing specially in the action.

It is next objected that the attachment proceedings became null and void on the filing of the amended complaint. This result is thought to follow because the respondent increased his demand from one thousand dollars to two thousand dollars, and did not give a new bond corresponding to his increased demand. But this is not the rule. As the seizure was valid when made, it did not lose its validity by any increase of the demand in the complaint. It may be that the property

seized could not have been sold for any greater sum than the original complaint demanded, but it is not necessary that we determine that question here. The cause of action finally proven was that originally set forth in the complaint, and judgment was entered for the amount there demanded only, and this we are clear the court had the right to do.

It is said further, in this connection, that the respondent abandoned his original complaint by filing an amended complaint. This in a certain sense is undoubtedly true, but it is equally true that he did not abandon his original cause of action. On the contrary, he repeated his original cause of action in his amended complaint. True, he added another cause of action thereto which he afterwards abandoned. But this latter fact did not deprive the court of jurisdiction to adjudicate the cause of action originally stated, and the appellant's motions all go to this question. The appellant cannot, in the form of attack made here, question the mere regularity of the proceedings.

It is next objected that there was no proper service of summons upon the defendant. This objection is divided into several distinct grounds, the first of which is that the summons served upon him was not the original summons issued in the cause, and that it is the rule that "an amended or alias summons cannot issue until the necessity therefor is shown by the return of not found on the original summons." But this argument overlooks the fact that in this state a summons is in no sense a writ of court. It is not even issued by the court or the clerk thereof; but, on the contrary, is issued by the plaintiff in the action or by his attorney. The summons is, in effect, a mere notice, and hence there is no reason for holding that the issuance of one such notice in an action exhausts the power to issue another. The essential requirement to obtain jurisdiction over the person of a defendant is that he be served with a summons in the form and in the manner prescribed by the statute, not that he be served with any particular summons. The fact that the appellant

was served with a summons other than the one first issued
does not, therefore, render the service void.

Again, it is said that the service was void because made
without the state, and there was no preliminary showing that
the appellant was a nonresident of the state and could not
be found therein. But such a showing, while a preliminary
requisite to the service of a summons by publication, is not
such a requisite where the service is personal on the defend-
ant although without the state. The statute, it is true, pro-
vides that personal service without the state shall be equiva-
lent to service by publication, but this does not mean that the
preliminary requisite to making the one form of service is
necessary to making the other. It means simply that the
effect of a judgment rendered by default on the one form of
service is the same as it is when rendered on the other. The
service was not, therefore, ineffective because of the absence
of a preliminary showing to the effect that the defendant
could not be found in the state of Washington.

Finally, it is urged that the judgment is void because per-
sonal in form, though no personal service was had on the
defendant within the state and no general appearance was
made by the defendant. The judgment, it will be observed,
was in form both against the person and against the prop-
erty attached. Such a judgment is not void, although it
cannot be executed upon property other than the property
attached. 4 Cyc. 824. We conclude, therefore, that neither
the proceedings leading up to the judgment nor the judg-
ment itself is void for want of jurisdiction. The appellant
cannot take advantage of mere defects and errors in the pro-
ceedings without appearing generally, and he has made no
such appearance. Rem. & Bal. Code, § 673; *Holman v.
Cooper*, 48 Wash. 24, 92 Pac. 781; *Feurer v. Stewart*, 82
Fed. 294.

The judgment is affirmed.

DUNBAR, C. J., GOSE, MOUNT, and PARKER, JJ., concur.