[No. 1605-3.   Division Three.   February 16, 1977.]

LOIS J. HANSEN, *Appellant*, v. CLAYTON S. WATSON, *Respondent*.

*Robert A. Southwell* and *Malott & Southwell, P.S.*, for appellant.

*C. E. Huppin* and *Huppin, Ewing & Anderson, P.S.*, for respondent.

MUNSON, C.J.—The plaintiff appeals the dismissal of her personal injury claim. The court held the statute of limitations had expired because of her failure to file her complaint within 90 days of the service of the summons and complaint upon the defendant. RCW 4.16.170.[1] We reverse.

---

[8] RCW 11.40.010.

[1] "For the purpose of tolling any statute of limitations an action shall be deemed commenced when the complaint is filed or summons is served whichever occurs first. If service has not been had on the defendant prior to the filing of the complaint, the plaintiff shall cause

The pertinent dates are:

December 7, 1971 — Accident and injury.

October 3, 1972 — Defendant served with the summons and complaint.

December 6, 1974 — Original summons and complaint filed.

May 8, 1975 — Defendant served his answer on plaintiff alleging as an affirmative defense the statute of limitations and moved for summary judgment of dismissal based upon the running of the statute of limitations.

May 26, 1975 — Order granting summary judgment entered, dismissing plaintiff's complaint.

The statute of limitations for actions involving injury to the person requires that they be commenced within 3 years. RCW 4.16.080 (2).[2] This action was tentatively commenced October 3, 1972, with the service of the summons and complaint upon the defendant, CR 3 (a),[3] and fully commenced with the filing on December 6, 1974. Since both the service and the filing were accomplished before the

one or more of the defendants to be served personally, or commence service by publication within ninety days from the date of filing the complaint. If the action is commenced by service on one or more of the defendants or by publication, the plaintiff shall file the summons and complaint within ninety days from the date of service. If following service, the complaint is not so filed, or following filing, service is not so made, the action shall be deemed to not have been commenced for purposes of tolling the statute of limitations."

[2]"Within three years:

". . .

"(2) An action for taking, detaining, or injuring personal property, including an action for the specific recovery thereof, or for any other injury to the person or rights of another not hereinafter enumerated;"

[3]"A civil action is commenced by service of a summons as provided in Rule 4 or by filing a complaint. If no service of summons is had upon a defendant before the complaint is filed, one or more defendants shall be served personally, or service by publication shall be commenced within 90 days after complaint is filed. Upon written demand by any other party, the plaintiff instituting the action forthwith, shall pay the filing fee and file the summons and complaint. If the summons was served without the complaint being attached, the plaintiff shall file the complaint within 5 days after the first service of the summons upon a defendant. An action shall not be deemed commenced for the purpose of tolling any statute of limitations unless pursuant to the provisions of RCW 4.16.170."

statutory period of limitation had expired, *i.e.*, within 3 years from the date of the injury, the issue of tolling that statutory period does not arise. RCW 4.16.170 is not applicable. *Seamens v. Walgren*, 82 Wn.2d 771, 776, 514 P.2d 166 (1973). Under these circumstances it is immaterial that the service and filing were not accomplished within 90 days of each other.

*Citizens Interested in the Transfusion of Yesteryear v. Board of Regents of Univ. of Washington*, 86 Wn.2d 323, 329, 544 P.2d 740 (1976), is distinguishable upon its facts; the action was tentatively commenced when the complaint was filed, but the statute of limitation had expired without service upon the defendant. Consequently, the 90-day provision of RCW 4.16.170 was applicable. *Cf. Fox v. Groff*, 16 Wn. App. 893, 559 P.2d 1376 (1977).

Judgment reversed.

GREEN and McINTURFF, JJ., concur.

Petition for rehearing denied March 29, 1977.

Review denied by Supreme Court July 27, 1977.