[No. 10895–6–I. Division One. January 30, 1984.]

SIMON LEWIS, *Appellant*, v. LOCKHEED SHIPBUILDING AND CONSTRUCTION COMPANY, *Respondent*.

*Edwin S. Stone,* for appellant.

*Dustin C. McCreary* and *George E. Greer,* for respondent.

Durham, C.J.—Simon Lewis appeals from the dismissal of his employment discrimination action against Lockheed Shipbuilding, alleging that the trial court applied an erroneous statute of limitations. We agree and reverse the order of dismissal.

Lewis, a black male, was hired on October 12, 1977, by Lockheed Shipbuilding and Construction Company to work on a cable crew. It appears[1] that Lewis suffered from hypertension, and that his doctor recommended that he be placed on light duty. The collective bargaining agreement provided that an employee would be regarded as having voluntarily terminated his employment following three unexplained absences. Because Lewis failed to report to work for three consecutive workdays or more without explanation, Lockheed advised Lewis' collective bargaining representative on May 4, 1978 that Lewis would not be rehired. It also appears that Lewis made several unsuccessful attempts to regain employment at Lockheed, but was turned down because he was placed in a "no re–hire" category.

On March 6, 1981, Lewis sued Lockheed, alleging that his dismissal was the result of illegal discrimination under Washington law based on his disability and/or race. The

---

[1]No findings of fact were entered, and no verbatim report of proceedings was included in the record.

trial court, however, granted Lockheed's motion to dismiss on the ground that Lewis' claim was barred by the 2–year statute of limitations, RCW 4.16.130.

RCW 49.60, the Washington Law Against Discrimination, does not have its own statute of limitations. Lockheed contends that the 2–year "catchall" statute of limitations, RCW 4.16.130, applies to actions brought under this law.[2] RCW 4.16.130 provides:

> Actions for relief not otherwise provided for. An action for relief not hereinbefore provided for, shall be commenced within two years after the cause of action shall have accrued.

Lewis, on the other hand, argues that RCW 4.16.080(2) applies. RCW 4.16.080 provides in relevant part:

> Actions limited to three years. Within three years: . . .
> (2) An action for taking, detaining, or injuring personal property, including an action for the specific recovery thereof, *or for any other injury to the person or rights of another not hereinafter enumerated*;

(Italics ours.)

Lockheed argues that the 2–year catchall statute of limitations applies to all causes of action that are founded upon liabilities created by statute. Because Lewis would not have a claim but for the Washington Law Against Discrimination, his claim, Lockheed contends, falls within RCW 4.16-.130. Lockheed relies on *Cannon v. Miller,* 22 Wn.2d 227, 155 P.2d 500, 157 A.L.R. 530 (1945) to support this view.

In *Cannon,* the plaintiffs sought to recover unpaid overtime wages under the Fair Labor Standards Act (FLSA), 29 U.S.C.A. §§ 201 *et seq.* (West 1978). Because the FLSA does not have its own statute of limitations, the statute of limitations of the state where the action was brought was applicable. The plaintiffs contended that the 3–year con-

---

[2]Lewis' assignments of error suggest that he is contending that the 3–year statute applies to actions brought under both federal and state civil rights laws. However, the complaint did not set forth any claims other than the alleged violation of RCW 49.60. Also, Lockheed represents that Lewis' attorney conceded this point at oral argument. Thus, the only issue before this court is whether the 2– or 3–year statute of limitations applies to actions brought under RCW 49.60.

tract statute of limitations applied, and the defendants relied on the 2–year catchall statute. The court recognized that although the FLSA in effect created an implied obligation in the employment contract to pay overtime wages, this liability was not truly contractual because it would not have existed but for the statute. *Cannon*, at 241. Accordingly, the court held that FLSA actions were not governed by the contract statute of limitations, and instead applied the catchall statute.

Lockheed, however, relies on *Cannon* for the proposition that *all* actions founded upon liabilities created by statute *necessarily* fall within the 2–year catchall statute. We do not agree. In *State ex rel. Bond v. State,* 59 Wn.2d 493, 368 P.2d 676 (1962), the plaintiff sought reinstatement to public employment pursuant to a statute granting veterans an employment preference. He alleged that his claim fell within the 3–year statute as being an action upon "any other injury to the person or rights of another . . .". *Bond,* at 495. *See* RCW 4.16.080(2). The defendant contended that the catchall statute applied, because the plaintiff's claim was founded upon a liability created by statute. The court flatly rejected this argument. In the court's view, cases such as *Cannon* held only that actions founded upon purely statutory liabilities do not fall within the 3–year contract statute of limitations[3]—they did not hold that such actions necessarily fall within the catchall statute.[4]

---

[3]Lockheed also cites *Lybecker v. United Pac. Ins. Co.,* 67 Wn.2d 11, 406 P.2d 945 (1965) and *Urban Constr. Co. v. Seattle Urban League,* 12 Wn. App. 935, 533 P.2d 392 (1975). Neither case supports the view that actions founded upon liabilities created by statute necessarily fall within the 2–year catchall. In *Lybecker,* the court rejected the defendant's argument that the catchall statute was applicable on the ground that no liability created by statute was there involved. The court did not indicate that the catchall statute would have applied had the plaintiff's cause of action been statutorily based. *Lybecker,* at 17. *Urban Construction,* like *Cannon v. Miller,* 22 Wn.2d 227, 155 P.2d 500, 157 A.L.R. 530 (1945), involved a contest between the catchall and the 3–year and 6–year contract statutes of limitations. *Urban Construction,* at 937–38.

[4]Lockheed argues that *State ex rel. Bond v. State,* 59 Wn.2d 493, 368 P.2d 676 (1962) is distinguishable because no liability created by statute was there at

*Bond,* at 497–98. The court stated:

> We reiterate that there is no such category as "an action on a liability created by a statute" in our limitation statutes. *Such an action does not fall within the "catch–all" statute unless there is no other statute of limitations applicable thereto, i.e., it is "an action for relief not hereinbefore provided for."*

(Italics ours.) *Bond,* at 498.[5] The court went on to hold that an action under the veterans preference statute fell within the predecessor of RCW 4.16.080(2) as being an action for any other injury to the person or rights of another not hereinafter enumerated. *Bond,* at 500. Thus, the issue here is if actions under RCW 49.60 fall within RCW 4.16.080(2). Only if they do not would the catchall statute apply.

RCW 4.16.080(2) applies only to certain direct invasions of a plaintiff's person or property rights. *See Noble v. Martin,* 191 Wash. 39, 46, 70 P.2d 1064 (1937); *Peterick v. State,* 22 Wn. App. 163, 168–69, 589 P.2d 250 (1977). In *Northern Grain & Warehouse Co. v. Holst,* 95 Wash. 312, 163 P. 775 (1917), the plaintiff was unable to retrieve grain stored at a warehouse upon presentation of a warehouse

---

issue. In *Bond,* the plaintiff sought a mandamus to compel the State to grant him his entitlement pursuant to the veterans preference statute. Unlike Lewis, he did not seek compensation such as back pay or reinstatement.

Lockheed completely fails to show how this distinction makes a difference. Bond's cause of action would not have existed but for the veterans preference statute. The fact that the statute entitled him to a particular form of relief does not make his claim any less statutorily based. In any event, Lockheed's argument simply ignores the clear holding in *Bond* that actions founded upon statutory liabilities do not necessarily fall within the catchall statute of limitations.

[5]Lockheed also relies on several federal decisions holding that section 1983 suits are governed by state statutes of limitations for actions founded on a liability created by statute. *See, e.g., Plummer v. Western Int'l Hotels Co.,* 656 F.2d 502 (9th Cir. 1981). Section 1983 has no statute of limitations, and federal courts thus apply the most appropriate statute in the state where the action is brought. *See Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 44 L. Ed. 2d 295, 95 S. Ct. 1716 (1975). However, in all of the decisions cited by Lockheed, the forum state had a statute expressly made applicable to actions based on liabilities created by statute. Washington, of course, has no such statute.

receipt. He then sued members of the public service commission for negligently issuing a license to the owner of the warehouse without obtaining a bond as required by state law. The court reasoned that the 3–year statute of limitations for injuries to the "rights of another" must be construed narrowly or it would incorporate all causes of action, completely nullifying the catchall statute. Accordingly, the court held that the plaintiff's cause of action was not based upon an injury sufficiently direct to fall within the 3–year statute. Rather, it was "indirectly based upon the failure of public officials to perform duties imposed by law." *Northern Grain,* at 315.

Washington courts have consistently followed *Northern Grain* in holding that the 2–year catchall statute applies to causes of action arising out of the failure of public officials to perform their official duties. *See, e.g., Constable v. Duke,* 144 Wash. 263, 266–67, 257 P. 637 (1927); *Gates v. Rosen,* 29 Wn. App. 936, 941, 631 P.2d 993 (1981), *aff'd sub nom. Hall v. Niemer,* 97 Wn.2d 574, 649 P.2d 98 (1982); *Peterick v. State, supra* at 169. But where the defendant directly invades a legally protected interest of the plaintiff, the 3–year statute applies. In *Luellen v. Aberdeen,* 20 Wn.2d 594, 148 P.2d 849 (1944), the plaintiff sought reinstatement to the city police force. The court held that, because the plaintiff had acquired a property right to his civil service pension, the City invaded that right by firing him. The court thus applied the 3–year statute, stating that it

> was intended to cover injury to that kind of property that is intangible in its nature, especially when the injury consists of some direct, affirmative act which prevents another from securing, having, or enjoying some valuable right or privilege.

*Luellen,* at 604.

■ Assuming arguendo that Lockheed violated RCW 49.60 in firing Lewis, it can hardly be maintained that its action was not a direct invasion of a valuable right or privilege enjoyed by Lewis. Lockheed, however, argues that RCW 49.60 does not purport to confer or protect any prop-

erty rights. This argument is disingenuous. As *Luellen* demonstrates, the 3–year statute covers all direct invasions of "property that is intangible in nature." *Luellen,* at 604. The quoted language is simply inconsistent with the view that RCW 4.16.080(2) is tied to narrow common law property concepts. In *Washington v. Northland Marine Co.,* 681 F.2d 582 (9th Cir. 1982), the plaintiffs sued their union under the Labor Management Relations Act (LMRA), alleging that the union had not fulfilled its duty of representation. Because the LMRA has no statute of limitations, the court was forced to look to the appropriate Washington statute. Following *Luellen,* the court rejected the catchall statute and applied RCW 4.16.080(2), despite the fact that the plaintiffs' right to union representation was clearly not a property right in the usual sense.

Further support for applying the 3–year statute is found in the Legislature's directive that RCW 49.60 be liberally construed. *See Franklin Cy. Sheriff's Office v. Sellers,* 97 Wn.2d 317, 334, 646 P.2d 113 (1982), *cert. denied,* 459 U.S. 1106 (1983); *Fahn v. Cowlitz Cy.,* 93 Wn.2d 368, 374, 610 P.2d 857 (1980). Thus, even if the arguments favoring application of the 2– and 3–year statutes were otherwise fairly equal, applying the 3–year statute better supports the liberal policies underlying the Law Against Discrimination.

Lewis next argues that because he was refused reinstatement after being placed in a "no re-hire" category, there is a continuing violation of the Law Against Discrimination that permits escape from the 2–year statute of limitations. We recognize that because Lewis' action is governed by the 3–year statute of limitations, it is unnecessary to address this contention. Nonetheless, its resolution may be of assistance to trial courts.

Although no Washington decisions construe the continuing violation doctrine as applied to RCW 49.60, federal case law indicates that the doctrine is inapplicable here. In actions brought under Title 7 of the Civil Rights Act, the federal courts have consistently refused to recognize a continuing violation based upon an employer's refusal to rein-

state an employee following an alleged discriminatory discharge. As stated by the Fourth Circuit in *West v. ITT Continental Baking Co.,* 683 F.2d 845, 846 (4th Cir. 1982):

> Under [the plaintiff's] suggested application of the continuing violation doctrine, he could keep his claim of wrongful discharge forever alive by requesting once every three years that ITT reinstate him. This, of course, would destroy the policies of finality and repose underlying the statute of limitations.

*Accord, Olson v. Rembrandt Printing Co.,* 511 F.2d 1228 (8th Cir. 1975). Generally, an alleged discriminatory refusal to hire, standing alone, will not give rise to a continuing violation absent an allegation of an ongoing pattern or practice of discrimination. *Smith v. Office of Economic Opportunity,* 538 F.2d 226, 227 (8th Cir. 1976).

Here, Lewis bases his continuing violation theory exclusively upon Lockheed's alleged refusal to reinstate him. Thus, even assuming his factual allegations to be true, they do not indicate that there has been a continuing violation for purposes of the statute of limitations.

The order dismissing the action is reversed and the case is remanded for trial.

ANDERSEN and RINGOLD, JJ., concur.