[No. 6273-2-III. Division Three. February 28, 1985.]

THE STATE OF WASHINGTON, *Respondent,* v. ROY L. WILSON, *Petitioner.*

*Katherine Steele Knox,* for petitioner (appointed counsel for appeal).

*C. J. Rabideau, Prosecuting Attorney,* and *David Corkrum, Deputy,* for respondent.

HOPKINS, J.*—Defendant Wilson was convicted in district court of driving while intoxicated pursuant to RCW 46.61.502.[1] He appealed his conviction to superior court contending he should have been charged with driving while

---

*Judge Cameron K. Hopkins is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

[1] "A person is guilty of driving while under the influence of intoxicating liquor or any drug if he drives a vehicle within this state while:

"(1) He has 0.10 percent or more by weight of alcohol in his blood as shown by chemical analysis of his breath, blood, or other bodily substance made under RCW 46.61.506 as now or hereafter amended; or

"(2) He is under the influence of or affected by intoxicating liquor or any drug; or

"(3) He is under the combined influence of or affected by intoxicating liquor and any drug." RCW 46.61.502, in part.

intoxicated pursuant to RCW 9.91.020[2] which statute carries a lesser penalty. The Superior Court upheld the conviction and remanded the case to district court for sentencing, holding RCW 9.91.020 was impliedly repealed by the subsequent enactment of RCW 46.61.502. We affirm.

 Equal protection of the laws is violated when an accused is charged under one of two statutes containing a more severe penalty for the commission of the same act. *State v. Danforth,* 97 Wn.2d 255, 643 P.2d 882 (1982); *State v. Cann,* 92 Wn.2d 193, 595 P.2d 912 (1979). On the other hand, where two statutes are in conflict, the latter impliedly repeals the former so that an accused may be charged only under the latter statute. Repeals by implication occur where:

> (1) the later act covers the entire subject matter of the earlier legislation, is complete in itself, and is evidently intended to supersede prior legislation on the subject; or (2) the two acts are so clearly inconsistent with, and repugnant to, each other that they cannot be reconciled and both given effect by a fair and reasonable construction.

*In re Chi–Dooh Li,* 79 Wn.2d 561, 563, 488 P.2d 259 (1971).

*Walton v. Absher Constr. Co.,* 101 Wn.2d 238, 242, 676 P.2d 1002 (1984).

RCW 46.98.050 contains a schedule of statutes repealed and does not include RCW 9.91.020. This is an indication the Legislature did not intend that RCW 9.91.020 be repealed. *See Paulson v. Pierce Cy.,* 99 Wn.2d 645, 664 P.2d 1202 (1983). Since repeals by implication are disfavored, we would reject this theory were it not for the significant history of rules of the road and the resultant

---

[2] "Every person who, being employed upon any railway, as engineer, motorman, gripman, conductor, switch tender, fireman, bridge tender, flagman or signalman, or having charge of stations, starting, regulating or running trains upon a railway, or being employed as captain, engineer or other officer of a vessel propelled by steam, or being the driver of any animal or vehicle upon any public highway, street, or other public place, shall be intoxicated while engaged in the discharge of any such duties, shall be guilty of a gross misdemeanor."

statutory scheme which comprehensively addresses driving a motor vehicle under the circumstances presented here.

The legislative history of the rules of the road demonstrates the intent of the Legislature to treat exclusively and comprehensively the operation of motor vehicles within the state under enactments after RCW 9.91.020. For example, Laws of 1937, ch. 189, § 2, p. 844, provides: "[A]ny laws, ordinances, rules or regulations in conflict with the provisions of this act are hereby declared to be invalid and of no effect." *See also* Laws of 1965, 1st Ex. Sess., ch. 155; Laws of 1927, ch. 309. While RCW 46.61.502 does not cover all of the devices, vessels, and trains found in RCW 9.91.020, *see* RCW 46.04.670, it applies to driving a vehicle within the state, thus covering the entire subject matter of the portion of RCW 9.91.020 relating to drivers of vehicles upon streets and highways. *See State v. Crothers*, 118 Wash. 226, 203 P. 74 (1922). RCW 46.61.502 is also more specific, detailing several ways in which the crime of driving while under the influence may be committed.

Further, the two acts provide for vastly differing penalties which are inconsistent, repugnant and cannot be reconciled. RCW 46.61.515 contains specific sentencing procedures for first, second and third time offenders, whereas RCW 9.91.020 simply states violation of that provision is a gross misdemeanor. *See* RCW 9.92.020 (providing the punishment for gross misdemeanors). Recently, attention has again been given to the penalties for driving while intoxicated with enactment of Laws of 1984, ch. 258, § 328, effective July 1, 1985.

Hence, while there has been no direct repeal of the portion of RCW 9.91.020 dealing with driving a motor vehicle on streets or highways while intoxicated, an intent to do so must be implied by the more recent and comprehensive treatment of the subject under RCW 46.61.502. *See Walder v. Belnap*, 51 Wn.2d 99, 316 P.2d 119 (1957). Even if we were not persuaded by the comprehensive treatment of the subject, the more specific sentencing scheme of RCW 46.61.515 must repeal the penalty in RCW 9.91.020. *See*

*State v. Sass,* 94 Wn.2d 721, 726, 620 P.2d 79 (1980). We affirm.

MUNSON and THOMPSON, JJ., concur.