[No. 11028-8-II. Division Two. November 16, 1988.]

DAVID NEARING, *Appellant,* v. GOLDEN STATE FOODS CORPORATION, *Respondent.*

---

*Kathryn A. Ellis,* for appellant.

*Peter M. Anderson* and *Bogle & Gates,* for respondent.

WORSWICK, J.—David Nearing sued Golden State Foods Corporation alleging racial discrimination in Golden State's employment practices. RCW 49.60.180. He now appeals a judgment on the pleadings dismissing the case because it was not commenced within the 3–year statute of limitations period. *See Lewis v. Lockheed Shipbuilding & Constr. Co.,* 36 Wn. App. 607, 676 P.2d 545 (1984). Nearing contends that the statute was tolled because he complied with RCW 4.16.170. The trial court concluded that RCW 4.16.170 had been amended or impliedly repealed by legislation that repealed a number of procedural statutes, or that it had

been superseded by Supreme Court rules governing the commencement of actions. We reverse, holding that RCW 4.16.170 has not been amended, repealed or superseded, that it controls this case, and that Nearing complied with it.

On October 18, 1985, within 3 years after the last discriminatory event alleged in Nearing's complaint, Nearing's first lawyer served a summons, but no complaint, on Golden State. Nearing's second lawyer filed a summons and complaint on January 16, 1986. This second summons was signed by the lawyer; the summons served on Golden State had been signed by Nearing's first lawyer. Other than signatures, the summonses were substantially identical. Golden State moved for judgment on the pleadings, and the trial court held that, because under CR 3 the service of summons alone was insufficient to commence the action, it was also insufficient to toll the statute of limitations notwithstanding the language of RCW 4.16.170.

That section reads:

> Tolling of statute—Actions, when deemed commenced or not commenced. For the purpose of tolling any statute of limitations an action shall be deemed commenced *when the complaint is filed or summons is served whichever occurs first.* If service has not been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served personally, or commence service by publication within ninety days from the date of filing the complaint. If the action is commenced by service on one or more of the defendants or by publication, the plaintiff shall file the summons and complaint within ninety days from the date of service. If following service, the complaint is not so filed, or following filing, service is not so made, the action shall be deemed to not have been commenced for purposes of tolling the statute of limitations.

(Italics ours.)

We assume without deciding that this section could be superseded by court rule, although this is by no means clear. RCW 2.04.190; RCW 2.04.200; *see also* CR 81(b);

RAP 1.1(g).[1] What is clear, however, is that it has not been superseded.

■■ CR 3, titled Commencement of Action, provides:

RULE 3
COMMENCEMENT OF ACTION

(a) **Methods.** Except as provided in rule 4.1, a civil action is commenced by service of a copy of a summons together with a copy of a complaint, as provided in rule 4 or by filing a complaint. Upon written demand by any other party, the plaintiff instituting the action shall pay the filing fee and file the summons and complaint within 14 days after service of the demand or the service shall be void. *An action shall not be deemed commenced for the purpose of tolling any statute of limitations except as provided in RCW 4.16.170.*

(b) **Tolling Statute.** *[Reserved. See RCW 4.16.170.]*

(Italics ours.) It can hardly be argued that the rules superseded the statute, inasmuch as this rule specifically refers to the section and "reserves" the subject matter for possible future rule.

We also find no basis for concluding that RCW 4.16.170 was amended or repealed by the housekeeping legislation that repealed statutes in conflict with court rules.[2] Repeals and amendments by implication are not favored. *Local 497, Int'l Bhd. of Elec. Workers v. PUD 2,* 103 Wn.2d 786, 698 P.2d 1056 (1985); *Washington State Welfare Rights Org. v. State,* 82 Wn.2d 437, 511 P.2d 990 (1973). Repeal by implication occurs only when:

---

[1]*Compare State v. Pavelich,* 153 Wash. 379, 279 P. 1102 (1929) (procedural rules deal with how rights are enforced; court is without power to affect substantive law by rulemaking). *See also Emwright v. King Cy.,* 96 Wn.2d 538, 637 P.2d 656 (1981) (procedural rules are those necessary to the operation of the courts). We have found no Washington case dealing directly with the question of whether the tolling of statutes of limitations is procedural or substantive. *But see Patrick v. DeYoung,* 45 Wn. App. 103, 724 P.2d 1064 (1986), *review denied,* 107 Wn.2d 1023 (1987).

[2]Laws of 1984, ch. 76, titled Statutes Superseded by Court Rule—Amendment or Repeal, dealt comprehensively with legislation codified in RCW Title 4. Section 10 repealed all or part of 17 sections. Conspicuous by its absence is any reference to RCW 4.16.170.

(1) the later act covers the entire subject matter of the earlier legislation, is complete in itself, and is evidently intended to supersede prior legislation on the subject; or (2) the two acts are so clearly inconsistent with, and repugnant to, each other that they cannot be reconciled and both given effect by a fair and reasonable construction.

*State v. Wilson*, 39 Wn. App. 883, 885, 696 P.2d 605 (1985) (citing *In re Chi–Dooh Li*, 79 Wn.2d 561, 563, 488 P.2d 259 (1971)).[3]

Neither of these criteria applies. The housekeeping legislation does not purport to deal with the subject matter, nor does any other statute or rule. It is well established that the disinclination to repeal by implication is especially acute when, as here, a later act contains a schedule of statutes repealed and the schedule does not include the statute under consideration. *Paulson v. County of Pierce*, 99 Wn.2d 645, 651, 664 P.2d 1202, *appeal dismissed*, 464 U.S. 957 (1983); *accord, Washington State Welfare Rights Org. v. State, supra; State v. Wilson, supra.*

■ Nearing also contends that the trial court erred in holding that RCW 4.16.170, if valid, had not been complied with because a summons different from that served on Golden State was filed. We agree with Nearing. The summons filed need not be the summons served. *Cf. Roznik v. Becker*, 68 Wash. 63, 122 P. 593 (1912). The statute is complied with if the summonses are substantially identical. *Cf. Thayer v. Edmonds*, 8 Wn. App. 36, 503 P.2d 1110 (1972).

Golden State did not challenge Nearing for failing properly to commence the action. Instead, it filed an answer and

---

[3]Const. art. 2, § 37 provides: "Revision or Amendment. No act shall ever be revised or amended by mere reference to its title, but the act revised or the section amended shall be set forth at full length." This provision has been construed to allow amendment by implication in the case of "complete acts which incidentally or impliedly amend prior acts." *Vasey v. Snohomish Cy.*, 44 Wn. App. 83, 97, 721 P.2d 524 (1986); *accord, Naccarato v. Sullivan*, 46 Wn.2d 67, 278 P.2d 641 (1955). The housekeeping statute is not "complete," because it does not purport to deal with the subject matter of RCW 4.16.170.

later moved for judgment on the pleadings (CR 12(c)), claiming only that the action was not timely. Therefore, we do not decide whether Nearing complied with court rules concerning commencement of actions, but only whether he complied with statutory requirements for tolling the statute of limitations. We have been given no reasons, and we know of none, why the requirements are or must be the same.[4]

Reversed.

REED, C.J., and PETRICH, J., concur.

After modification, further reconsideration denied December 15, 1988.

Review granted by Supreme Court March 28, 1989.

---

[4]We notice here a number of Washington cases that seem to assume that the requirements are the same. Presumably the issue confronting us was not present in those cases. *See, e.g., Sterling v. Spokane Cy.,* 31 Wn. App. 467, 642 P.2d 1255 (1982); *Collins v. Lomas & Nettleton Co.,* 29 Wn. App. 415, 628 P.2d 855 (1981); *G–3 Properties, Inc. v. Board of Cy. Comm'rs,* 27 Wn. App. 625, 620 P.2d 108 (1980), *rev'd sub nom. North St. Ass'n v. Olympia,* 96 Wn.2d 359, 635 P.2d 721 (1981); *Fox v. Groff,* 16 Wn. App. 893, 559 P.2d 1376, *review denied,* 88 Wn.2d 1018 (1977). Compare *Hansen v. Watson,* 16 Wn. App. 891, 559 P.2d 1375 (1977).