[No. 55857–4.   En Banc.   June 7, 1990.]

DAVID NEARING, *Respondent,* v. GOLDEN STATE FOODS
CORPORATION, *Petitioner.*

*Bogle & Gates* and *Peter M. Anderson,* for petitioner.

*Kathryn A. Ellis,* for respondent.

CALLOW, C.J.—This case began when David Nearing commenced an action against Golden State Foods Corporation. Nearing served a summons, but not a complaint, on Golden State on October 18, 1985, shortly before the statute of limitations would have run on his cause of action. Thereafter Nearing changed counsel and, on January 16, 1986, within 90 days of the service of the summons, filed a new summons together with a complaint. A new summons and complaint were served on Golden State January 31, 1986.

The findings of fact were not challenged by either party. "An unchallenged finding of fact is a verity on appeal." *Metropolitan Park Dist. v. Griffith,* 106 Wn.2d 425, 433, 723 P.2d 1093 (1986). The following chronology sets forth the relevant dates as established by the findings of fact:

October 23, 1982:   Plaintiff terminated by defendant. Finding of fact 4.

October 18, 1985:   Plaintiff served defendant with a summons which stated that the cause of action was based on a breach of contract. Finding of fact 1.

January 16, 1986:   Second summons and complaint were filed. This occurred within 90 days of service of the summons. Finding of fact 1.

Golden State moved to dismiss the action on the grounds that it was time barred by the 3–year statute of limitations because Nearing initially failed to serve a complaint with

the summons. The trial court held that Nearing's October 18, 1985, service of the summons alone was ineffective under Superior Court Civil Rules 3 and 4 to toll the statute of limitations. The trial court, therefore, granted Golden State's motion to dismiss.

The Court of Appeals reversed, holding that CR 3 and 4 did not supersede RCW 4.16.170 and that RCW 4.16.170 controlled. The court did not decide whether Nearing complied with the court rules concerning the commencement of actions, but only whether he complied with the statutory requirements for tolling the statute of limitations. *Nearing v. Golden State Foods Corp.*, 52 Wn. App. 748, 764 P.2d 242 (1988). We affirm the Court of Appeals.

The issue is whether the statute of limitations is tolled by service of a summons upon the defendant when the summons is not served with an accompanying complaint. Golden State argues that service of a summons should not be the sole requirement for tolling the statute of limitations. Golden State contends this would allow attorneys to merely serve a form summons without informing themselves about the facts of the case and the impact of the law thereon. Golden State suggests that such a rule will permit attorneys to prepare and serve a summons without knowledge of the cause of action.

Golden State's theory is based on the fact that in 1978, the court rules were changed by the adoption of CR 4(d)(1). The rule states that the "summons and complaint shall be served together." CR 4(d)(1). *See* 90 Wn.2d 1143 (1978). Golden State contends that the definition of commencement of an action must control over the summons only rule in RCW 4.16.170 in accordance with CR 81(b).[1] Golden State suggests that the court rule modified the statute so as to treat the tolling event as either the filing of the complaint or the service of the summons and complaint.

---

[1]CR 81(b) states: "Subject to provisions of section (a) of this rule, these rules supersede all procedural statutes and other rules that may be in conflict."

Nearing argues that RCW 4.16.170 and CR 3 explicitly allow service of a summons alone in order to toll the statute of limitations, if the summons and complaint are filed within 90 days of service of the summons. We agree.

The statute of limitations for actions involving racial discrimination under RCW 49.60.180 is 3 years. *Lewis v. Lockheed Shipbuilding & Constr. Co.,* 36 Wn. App. 607, 613, 676 P.2d 545 (1984). RCW 4.16.170 provides:

> For the purpose of tolling any statute of limitations an action shall be deemed commenced when the complaint is filed or summons is served whichever occurs first. If service has not been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served personally, or commence service by publication within ninety days from the date of filing the complaint. If the action is commenced by service on one or more of the defendants or by publication, the plaintiff shall file the summons and complaint within ninety days from the date of service. If following service, the complaint is not so filed, or following filing, service is not so made, the action shall be deemed to not have been commenced for purposes of tolling the statute of limitations.

Thus, an action is tentatively commenced by service of a summons or the filing of a complaint and the statute of limitations is tolled pending filing of the summons and complaint within 90 days from the date of service. Insofar as it is inconsistent, *Matthies v. Knodel,* 19 Wn. App. 1, 3, 573 P.2d 1332 (1977) is modified. *See also Hansen v. Watson,* 16 Wn. App. 891, 559 P.2d 1375 (1977). Either of these acts will toll the statute of limitations as long as the summons and complaint are filed within 90 days. RCW 4.16.170. *Sterling v. County of Spokane,* 31 Wn. App. 467, 471, 642 P.2d 1255 (1982).

The statutory provision which governs the tolling of the statute of limitations and the court rule governing the commencement of actions are reconcilable. The statute, RCW 4.16.170, deals exclusively with tolling of the statute of limitations and requires a plaintiff to either file a complaint or serve the summons upon the defendant. The court rule, CR 3, requires service of the summons and complaint

or filing a complaint in order to commence a civil action. Whenever there is a conflict between a procedural statute and a court rule, the court's rulemaking power is supreme. *Petrarca v. Halligan,* 83 Wn.2d 773, 776, 522 P.2d 827 (1974). Apparent conflicts between a court rule and a statutory provision should be harmonized, and both given effect if possible. *Emwright v. King Cy.,* 96 Wn.2d 538, 543, 637 P.2d 656 (1981). Golden State argues that in order to harmonize the rule and the statute the phrase "summons is served" in RCW 4.16.170 should require that the summons be served as required in CR 4(d) and that in order to toll the statute of limitations, the summons and complaint must be served together. We disagree.

CR 3(a) specifically refers to the procedural statute and states "[a]n action shall not be deemed commenced for the purpose of tolling any statute of limitations *except* as provided in RCW 4.16.170." (Italics ours.) Indeed, CR 3(b) points to RCW 4.16.170 as the rule for tolling the statute of limitations.

Golden State argues, and the trial court held, that the attempted service on October 18, 1985, did not comply with CR 3 and 4 because the complaint-was not served along with the summons. The trial court based its decision on:

> [t]he legislative history and sequence of events surrounding the amendments of Rules 3 and 4 . . . make it clear that the legislature intended to eliminate the limited circumstances under which service of summons without a complaint was previously allowed. Thus, the October 18, 1985 summons would not have tolled the statute of limitations pursuant to RCW 4.16.170 even if it had been filed because service of a summons unaccompanied by a complaint is insufficient to toll the statute of limitations.

We, to the contrary, decide that the statute controls the tolling of the period of limitations while the rule governs the commencement of actions. Thus it is possible to turn to the statute standing alone to ascertain that the period of limitations has not run and to the rule to ascertain whether the action has been commenced.

When the statutory language is plain and unambiguous, its meaning must be derived from the wording of the statute itself. *State v. Johnson,* 104 Wn.2d 179, 181, 703 P.2d 1052 (1985). The plain language of the statute clearly states that for the purpose of tolling any statute of limitations an action shall be deemed commenced when the complaint is filed or summons is served. Therefore, service of a summons alone is adequate to toll the statute of limitations conditioned upon the plaintiff filing the summons and complaint within 90 days of the service of the summons. If following service of the summons, the complaint and summons are not so filed, or following filing of the complaint, service of the summons is not so made, then the action is not deemed commenced and the statute of limitations is not deemed to have been tolled. In effect, the statute provides a 90–day "catch up" or grace period within which to comply with all its requirements.

Our conclusion that RCW 4.16.170 stands alone as the rule for tolling the statute of limitations is bolstered by the *Twenty–Sixth Annual Report* of the Judicial Council. The Council commented on amendments to CR 3 by stating "[b]oth the existing rule and the proposed amended rule defer to statutory law governing the tolling of the statute of limitations." Washington State Judicial Council, *Twenty–Sixth Annual Report* 28 (1977).

Pursuant to CR 3(a), an action is commenced either by "service of a copy of a summons together with a copy of a complaint . . . or by filing a complaint." Thus, compliance with the 90–day rule, contained in RCW 4.16.170, automatically results in the commencement of an action under CR 3(a). The statute is consistent with the court rule.

In the instant case, the plaintiff caused a summons to be served on Golden State October 18, 1985. On January 16, 1986, within the 90 days mandated by RCW 4.16.170, the plaintiff filed both a summons and complaint. On January 30, 1986, Nearing served a second summons and complaint on Golden State. The action on January 30, 1986, is irrelevant to the validity of the compliance with RCW 4.16.170.

The January 16 actions of Nearing validly "commenced" the plaintiff's cause of action for the purpose of tolling the statute of limitations. By the terms of the statute, the sanction for failing to serve the complaint within 90 days of filing is that the action shall be deemed not to have been commenced for purposes of tolling the statute of limitations. *Seamans v. Walgren,* 82 Wn.2d 771, 776, 514 P.2d 166 (1973).

When the trial court ruled that the plaintiff had failed to toll the statute of limitations the plaintiff moved to amend his complaint under CR 15(a). The purpose of the motion was an attempt to extend the plaintiff's cause of action based on the theory that Nearing's termination was concealed from him. In the light of our decision that there was compliance with RCW 4.16.170, we need not reach this issue.

The Court of Appeals is affirmed. The order of dismissal is vacated and the cause is remanded for further proceedings.

UTTER, BRACHTENBACH, DOLLIVER, ANDERSEN, and DURHAM, JJ., and PEARSON, J. Pro Tem., concur.

DORE, J.—I dissent. The majority claims that "[o]n January 16, 1986, within the 90 days mandated by RCW 4.16-.170, the plaintiff filed both a summons and complaint." Majority, at 822. This is not true. The record does not support the finding that *any* summons was filed within 90 days of service of the October 18, 1985, summons.

Because *no summons was filed* within 90 days of service of the October 18, 1985, summons, the action was not commenced and the statute of limitations was not tolled on October 18, 1985.

Nearing did not validly commence his action until January 16, 1986, when he filed his complaint. The alleged discrimination occurred more than 3 years before the action was commenced on January 16, 1986. Nearing was 10 days to 3 months too late to toll the statute of limitations. The

majority appears to agree with the trial judge that Nearing knew he was terminated in October 1982. See majority, at 818. However, Nearing stated in his deposition that he did not discover that he had been terminated until a much later date, subsequent to October 1982. While there is some question as to whether Nearing was terminated in October 1982, it is unrefutable that he knew he was terminated by December of 1982. Nearing admitted in his deposition that he applied for and received unemployment benefits in December 1982. This establishes that he knew he was discharged by December 1982. Furthermore, there is evidence in the record that Nearing had discovered his cause of action by January 6, 1983. On that date, Nearing signed a complaint that he filed with the Washington State Human Rights Commission alleging that his position had been turned over to a white male. Nearing's complaint filed on January 16, 1986, was, at a minimum, 10 days too late to toll the statute of limitations.

Even if a "new summons" was filed on January 16, 1986, with the complaint, the statute was not tolled as of October 18, 1985. RCW 4.16.170 with its reference to "the" summons and not "a" summons requires that the summons filed be the same as the summons served.

### SUPPLEMENTAL FACTS

David Nearing has been living in Stockton, California, since 1984. Before he left Washington, he was employed as a part–time warehouse worker for Golden State Foods for a period of 17 months. Nearing worked on an as–needed basis, with periods of up to 3 weeks between work assignments. His last day of work was the latter part of October 1982.

On October 18, 1985, Nearing's first attorney caused a summons to be served on Golden. No complaint was attached to the summons. Golden entered an appearance but did not demand the filing of the summons and complaint.

On January 31, 1986, Nearing's second attorney, Kathryn Ellis, caused a second summons, dated January 30, 1986, to be served on Golden. Unlike the first summons, a complaint was served along with the second summons. The complaint accompanying the second summons was dated January 14, 1986, and had been filed on January 16, 1986. The complaint alleged employment discrimination.

Golden answered the complaint on February 20, 1986, raising the statute of limitations as a defense. On June 13, 1986, Golden moved for judgment on the pleadings, contending that the action was time barred. The trial court held that Nearing had missed the 3-year statute of limitations applicable to discrimination actions under RCW 49.60.180 by approximately 3 months:

> This action was commenced on January 16, 1986. The complaint alleges discrimination occurring on or before October 23, 1982 in connection with plaintiff's employment by defendant. This action is time barred because it was not commenced within three years of the alleged discriminatory event.

Clerk's Papers, at 97.

### ANALYSIS

The majority's contention that a summons was filed within 90 days of service is not supported by the record. While the complaint captioned "Violation of Civil Rights" is stamped with a filing date of 1/16/86 and is signed by the plaintiff's attorney, the summons is not so stamped nor signed.[2] Clerk's Papers, at 2. In addition, the summons states "Plaintiff's claim is stated in the Written Complaint for *Breach of Contract* . . .". (Italics mine.) This further undermines the majority's contention that the "new summons" was filed with the complaint for "Violation of Civil Rights". Further, Golden State, in its "Petition for Review", states the summons served on January 31, 1986,

---

[2]CR 4(a)(1) requires that "[t]he *summons must be signed and dated by the plaintiff or his attorney* . . .". (Italics mine.)

was not signed until January 30, 1986. "Petition for Discretionary Review", at 17. This was not contested in Nearing's "Answer to Petition for Discretionary Review".

Obviously, a summons signed on January 30, 1986, could not have been filed within 90 days from the service of the first summons on October 18, 1985. Since no summons was filed within 90 days of service, the statute was not tolled on October 18, 1985. Nearing was too late to toll the statute of limitations when he filed the action on January 16, 1986.

Even if the "new summons" was filed on January 16, 1986, with the complaint, the statute was not tolled as of October 18, 1985. The majority ignores the fact that RCW 4.16.170 with its reference to "the" summons and not "a" summons requires that the summons filed be the same as the summons served. *See Dowell Co. v. Gagnon,* 36 Wn. App. 775, 776, 677 P.2d 783 (1984) ("'*[T]he* complaint' is the one filed in the action . . . not *a* complaint independently filed.").

The Court of Appeals, in the subject case, erroneously concluded that the summons filed need not be the summons served. It implied *Roznik v. Becker,* 68 Wash. 63, 122 P. 593 (1912) supported its holding. An examination of this case casts doubt upon the court's use of it as supporting authority. First of all, the case does not concern the language of the statute before us. Secondly, it addressed the issue of whether the service of one summons precluded the issuance of a second summons. The court in *Roznik* concluded, "there is no reason for holding that the issuance of one [summons] in an action exhausts the power to issue another." *Roznik,* 68 Wash. at 68. *Roznik* did not discuss whether the summons served upon a party must be the same one filed with the court. The Court of Appeals then suggests that there is compliance with the statute if the two summonses are substantially identical. *Nearing v. Golden State Foods Corp.,* 52 Wn. App. 748, 752, 764 P.2d 242 (1988), *review granted,* 112 Wn.2d 1009 (1989).

The two summonses are clearly different in this case. Each summons was signed by a different attorney, and each

directed that the defense be served on a different attorney. There was not even a substitution of counsel between the two attorneys. The "new summons" referred to "Breach of Contract". It is not clear what the first summons referred to, since the first summons is not in the record. On these facts, it cannot be successfully argued that the two summonses are substantially identical. The statute requires that *the* summons served *must* be the same summons filed. Here, it is undisputed that the October 18, 1985, summons was not filed within 90 days of service.

CONCLUSION

The trial court should be affirmed. Nearing did not toll the statute of limitations for the subject case. He totally failed to file the summons that was served on Golden on October 18, 1985. Further, the record does not support the majority's contention that any summons was filed within 90 days of service as required by RCW 4.16.170. Since no summons was filed within 90 days of service, the statute was not tolled on October 18, 1985. The action was not commenced until January 16, 1986, when the complaint was filed. Nearing knew he was discharged by December of 1982, as he drew unemployment benefits during that month. Therefore, he missed the 3–year statute of limitations by at least 10 days or by as much as 3 months if he was terminated in October 1982.

I would dismiss.

SMITH, J., concurs with DORE, J.