34 F.3d 1071
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leslie L. BRENNAN, Plaintiff-Appellant,
v.
SAN JUAN COUNTY SHERIFF'S DEPT.; William Cumming, Sheriff,
Defendants-Appellees.
 No. 93-35507.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 2, 1994.
Decided Aug. 12, 1994.
 
 Before: WRIGHT, KOZINSKI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We affirm entry of summary judgment against Leslie L. Brennan on her numerous federal and state discrimination and tort claims against Sheriff Cumming and the San Juan County Sheriff's Department.[1]
 
 
 3
 Brennan challenged the sheriff's anti-nepotism policy under Washington state law, R.C.W. Sec. 49.60.180, which has a three-year statute of limitation. Albright v. State, 829 P.2d 1114, 1116 (Wash.App.1992). Although she filed her claim more than three years after Cumming told her that the policy would bar her employment, the policy may have been "an ongoing pattern or practice of discrimination," Lewis v. Lockheed Shipbuilding & Const. Co., 676 P.2d 545, 549 (Wash.App.1984), with each new opening on the force triggering a new limitations period.
 
 
 4
 We need not decide that question, however, because the policy is within the business necessity exception to Sec. 49.60.180. See Suydam v. Reed Stenhouse of Washington, Inc., 820 F.2d 1506, 1508 (9th Cir.1987) (may affirm on any ground supported by record). Washington defines a business necessity as "a compelling and essential need to avoid business-related conflicts of interest, or to avoid the reality or appearance of improper influence or favor." W.A.C. 162-16-150. Unrebutted affidavits from expert witnesses show that such conflicts and appearances of improper influence unavoidably would arise in the tiny office of the San Juan County Sheriff's Department.[2]
 
 
 5
 Nor do we find merit in her Title VII claims. She cannot use disparate impact analysis because the anti-nepotism policy affected only her. See Garcia v. Spun Steak Co., 998 F.2d 1480, 1486 (9th Cir.1993) (impact analysis for hiring decisions requires objective, quantifiable proof), cert. denied, 114 S.Ct. 2726 (1994); cf. Thomas v. Metroflight, Inc., 814 F.2d 1506, 1509-10 (10th Cir.1987) (the statistical significance required for impact analysis cannot be established when only two women are affected by anti-nepotism policy).
 
 
 6
 The record does not support a prima facie case of disparate treatment. Suscho-Nownejad v. Merced Community College Dist., 934 F.2d 1104, 1110-12 (9th Cir.1991) (disparate treatment theory requires showing differential treatment and raising inference of discriminatory intent). Neither Brennan nor the male parking enforcement officer was allowed to wear a sidearm while writing parking tickets and both were required to perform office tasks when not working the streets. She failed to come forward with sufficient evidence to raise an inference that Sheriff Cumming harbored discriminatory motives in disarming her or assigning office tasks.
 
 
 7
 Her Sec. 1983 claim also fails. Title VII and Sec. 1983 are complementary. See Merced Community College, 934 F.2d at 1112 (Sec. 1983, like Title VII, requires showing of intentional discrimination). Her failure to raise an inference of intentional discrimination under Title VII carries over to Sec. 1983.
 
 
 8
 Finally, we see no merit in her state law tort claims. The sheriff did nothing to cause an average person to "exclaim 'Outrageous!' " Benoy v. Simons, 831 P.2d 167, 171 (Wash.App.), review denied, 844 P.2d 435 (1992) (intentional infliction of emotional distress), nor was his conduct sufficiently "beyond all possible bounds of decency" to support a tort claim for outrage. Dicomes v. State, 782 P.2d 1002, 1012-13 (Wash.1989). And since she made no factual showing of the "objective physical symptoms" of her distress, Benoy, 831 P.2d at 171, she cannot show that her distress was sufficiently severe to establish a claim for negligent infliction of emotional distress. Shoemaker v. St. Joseph Hosp., 784 P.2d 562, 565 (Wash.App.) (negligent infliction of emotional distress plaintiff must seek medication or suffer social/occupational disfunction, i.e., impaired sleep, emotional outbursts and depression), review denied, 792 P.2d 500 (1990).
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We have jurisdiction over Brennan's timely appeal pursuant to 28 U.S.C. Sec. 1291
 Judge Coughenour improperly struck some affidavits as shams because they contradicted prior deposition testimony. But because he failed to find that the contradictions were artifices interjected solely to create factual disputes, Kennedy v. Allied Mutual Ins., 952 F.2d 262, 267 (9th Cir.1991), we will review the summary judgment using all of the evidence in the record. And we review de novo, considering the evidence in the light most favorable to Brennan to see if any genuine issue of material fact exists and if Judge Coughenour correctly applied the substantive law. FDIC v. O'Melveny & Meyers, 969 F.2d 744, 747 (9th Cir.1992), rev'd on other grounds, 114 S.Ct. 2048 (1994).
 
 
 [2]
 Plaintiff's expert indicated that the problems were easily overcome within Los Angeles County's large, 15,000 officer force. This says nothing about the wholly dissimilar problems faced by the small San Juan County police force