The STATE of Utah, Plaintiff and Respondent,

v.

Gayle Lee BOONE, Defendant and Appellant.

No. 15275.

Supreme Court of Utah.

July 11, 1978.

Larry R. Keller, Salt Lake Legal Defender Association, Salt Lake City, for defendant-appellant.

Robert B. Hansen, Atty. Gen., Craig L. Barlow, Asst. Atty. Gen., R. Paul Van Dam, Salt Lake County Atty., David Yocom, Asst. Salt Lake County Atty., Salt Lake City, for plaintiff-respondent.

ELLETT, Chief Justice:

Mr. Boone was charged with the crime of unlawful distribution of a controlled substance, convicted and sentenced therefor. He appeals asserting certain errors, towit: the invasion of his right to privacy; permitting testimony of other bad acts of the defendant; improper remarks of the prosecutor; the refusal to compel an attorney for a witness to divulge confidential communications previously had with the witness; and the failure to grant a continuance so as to enable defendant to secure an unsubpoenaed witness.

■ As to the invasion of privacy, the defendant says the undercover agent who purchased the drug had an electronic broadcasting instrument attached to his body which emitted voice sounds, and some police officers working with the agent overheard the conversation by and between the defendant and agent. He also says that his right to privacy is protected by the Fourth Amendment to the Constitution of the United States and by Article One, section fourteen of the Utah Constitution. Any rights which he might have under the Fourth Amendment would be against any encroachments by the federal authorities[1]; however, the provisions of our state constitution (above cited) afford him the same protection against state intrusions. In either case there is no violation. The protection afforded is set out as follows: "The right of the people to be secure in their persons, houses, papers, and effects, against *unreasonable searches and seizures* shall not be violated . . . ." (emphasis added)

■ Neither the defendant nor any of his houses, papers, or effects were seized or searched in violation of the Utah Constitution. Even if it be assumed, as some U. S. Supreme Court judges do, that there is a search and seizure, it would not be an *unreasonable one*.

In fact, a majority of the members of the U. S. Supreme Court held in the case of *U. S. v. White*[2] that police eavesdropping on a conversation between an accused and an informant by means of a radio transmitter concealed on the person of the informant does not violate the Fourth Amendment. In the *White* case, the informant was not available as a witness and the court permitted the officers who monitored the conversations to tell what they heard. In the instant matter the informant was a witness and testified about the facts, including the conversations he was privy to.

The informant was given $1,000 in twenty-dollar bills, strip-searched for drugs, given a car which was also searched and which was found to be free of drugs, and then he drove to a place to which the defendant had directed him. The defendant said his delivery man was a bit late and they would have to wait. Finally, a man in a white Continental Mark IV automobile arrived. The undercover agent entered the building and a few moments later the defendant came in and upon receiving the $1,000 in cash, gave the drugs to the agent. Upon completion of the sale, the agent signalled the officers, went outside and got into the passenger side of the Continental automobile. The appellant, the agent, and the driver of the car were placed under arrest. At the time of his arrest, the driver of the car had forty-nine of the fifty twenty-dollar bills which were identified by serial numbers as those given to the agent on his person. The arrest of the agent was merely a mock arrest. The other two were charged jointly, although tried separately.

■ The matter here involved is covered by our statute[3] which reads:

---

1. See *Dyett v. Turner*, 20 Utah 2d 403, 439 P.2d 266 (1968).

2. 401 U.S. 745, 91 S.Ct. 1122, 28 L.Ed.2d 453 (1971).

3. U.C.A., 1953, 76–9–401(2) enacted by Laws of Utah, 1973, ch. 196.

(2) 'Eavesdrop' means to overhear, record, amplify, or transmit any part of a wire or oral communication of others *without the consent of at least one party* thereto by means of any electronic, mechanical, or other device. (emphasis added)

In this case, the undercover agent was the "one party" to the conversation who consented to the eavesdropping; and, hence, the matter was not unlawful.

■ The defendant complains because the undercover agent told the jury that while they were awaiting the arrival of the man in the Continental Mark IV automobile, the defendant told him that "he still has an ounce of angel dust down in his crib [apartment]."

One of the problems that the jury had to consider was whether or not the defendant sold the drugs. If the defendant voluntarily said he had other drugs, it would not seem to be error to let the jury know that he was engaged in the sale of drugs. Otherwise, the jury might think that the defendant was merely trying to accommodate his buddy, the agent.

■ Counsel for the defendant read an instruction of the court regarding the right of a defendant not to testify and in his argument to the jury, he quoted the statute and then said:

. . . the defendant may have other reasons. As you can see, Mr. Yocum is a skilled prosecutor, a skilled cross-examiner and it is—there are numerous reasons why the defendant may not want to testify, and it is for that reason that the law—the court instructs you that the law—is that you may not even assume that he is guilty because he has not testified . . .

In his final argument the prosecutor said, ". . . he said I am a skilled prosecutor and I would have had a chance to cross-examine him . . . I would suggest that maybe that is the reason . . ."

The reply of the prosecutor was not improper and did not emphasize the failure of the defendant to testify. That matter had been brought up by the defendant's counsel and the prosecutor was simply emphasizing one of the reasons suggested by defense counsel as to why the defendant did not take the stand.

■ The undercover agent admitted that he was awaiting trial on a felony charge. Counsel for defendant called the lawyer for the agent and undertook to place in evidence the substance of confidential conversations between the lawyer and the undercover agent. The lawyer's claim of privilege was sustained and rightly so.

■ The defendant also tried to show that the undercover agent had animosity towards him and claimed that he could prove it by another attorney who had formerly represented the agent. That attorney was in Texas at the time; therefore, the defendant requested a continuance of the jury trial from Wednesday to the following Monday in order to call that lawyer as a witness. The court refused the continuance. Such tactics on the part of counsel are not to be condoned and the court properly refused the request.

We can see no error in the way in which this trial was conducted. There is an old saying that it takes a thief to catch a thief; and it may be true that it takes an ex-drug peddler to catch one. Whether or not that be true, it certainly is good to see those who have lived in crime repent of their evil deeds and try to assist law-abiding citizens in making a better society by eliminating from its midst those who would destroy the useful lives of persons who become addicts due to their criminal activity.

The judgment is affirmed. No costs are awarded.

HALL, J., concurs.

CROCKETT and WILKINS, JJ., concur in result.

MAUGHAN, Justice (dissenting):

For the following reason, I dissent. The warrantless monitoring of the defendant by the undercover agent-participant was, under Utah law, a violation of the defendant's

right to privacy. Section 76–9–402 of the Utah Criminal Code states in relevant part:

> (1) A person is guilty of privacy violation if, except as authorized by law, he:
>
> \* \* \* \* \* \*
>
> (c) Installs or uses outside of a private place any device for hearing, recording, amplifying, or broadcasting sounds originating in the place which would not ordinarily be audible or comprehensible outside, *without the consent of the person or persons entitled to privacy there.* [Emphasis supplied].

In section 76–9–401(2), the term "eavesdrop" is defined:

> "Eavesdrop" means to overhear, record, amplify, or transmit any part of a wire or oral communication *of others without the consent of at least one party thereto* by means of any electronic, mechanical, or other device. [Emphasis supplied].

It cannot be the undercover agent can ever be the "one party" whose consent in a case is sufficient to make the subject conduct legal. In my view, the meaning of these two sections must be construed together. The word "others" in section 76–9–401(2) refers to the "person or persons entitled to privacy" in section 76–9–402(1)(c). The persons who are entitled to privacy are "others," such as defendant, who had no knowledge of the undercover activities of the police. Certainly, the undercover agent himself is not a person whose right of privacy is potentially in danger of invasion, where he is an integral part of the eavesdropping scheme. Thus, the consent required by the statute was not obtained, and the statute was violated.

If we are to interpret the statute to require only the consent of the surveilling under-cover agent, we have rendered the statute a nullity. In addition, as a warrantless search the conviction is rendered infirm.