[No. 50576-4.   En Banc.   July 25, 1985.]

THE STATE OF WASHINGTON, *Respondent*, v. PATRICK
L. JOHNSON, *Appellant*.

*Gordon, Thomas, Honeywell, Malanca, Peterson &
O'Hern*, by *Timothy J. Whitters* and *James E. Horne*, for
appellant.

*Norm Maleng, Prosecuting Attorney for King County*,
and *Kurt P. Hermanns, Deputy, as Special Deputy Prose-
cuting Attorney for Pierce County*, for respondent.

BRACHTENBACH, J.—Defendant was convicted of a gross
misdemeanor for violating RCW 9.73.080 by tape recording
a telephone conversation without consent of the other party
to the conversation. We reverse.

Defendant was the Chief of the Tacoma Police Depart-
ment. In October 1982, a lawyer called the defendant to
discuss a matter involving the lawyer's client who had been

dismissed by the Police Department. The defendant's purpose in recording this conversation was to have a record of any agreements or commitments which might be reached during the conversation. The recording was openly done in the presence of two assistant police chiefs and the department's communications director. Apparently no use was made of the recording. It was not until December 1983 that the recording became an issue. At that time, in a meeting between the defendant and the assistant chiefs the statement that "everything will be coming out" was made by one of the assistant chiefs. The defendant then advised the city manager of the fact of the recording. The attorney whose conversation was recorded was notified of the fact of the recording. That attorney notified the sheriff of the alleged violation and this prosecution ensued.

Our state statute is very broad in its prohibition of recording private communications without the consent of all participants in the communication. RCW 9.73.030(1)(a). However, a specific exception contained in RCW 9.73-.090(1)(a) provides:

> (1) The provisions of RCW 9.73.030 through 9.73.080 shall not apply to police and fire personnel in the following instances:
> (a) Recording incoming telephone calls to police and fire stations;

■ The subject phone call was placed by the caller to the police chief's office phone. Thus, it was obviously an "incoming" call. It is equally apparent that the call was to a police station. It is difficult to envision how a call to the police chief in his office is not a call to a "police station". This is not a case in which in a criminal trial the State seeks the admission of a recording of a private conversation obtained by deception. No suspect was tricked into calling an unidentified telephone number which was later revealed to be connected to a police station telephone. Under such circumstances the recorded call would not be a call *to* a police station, and the reliance by the police on the "incoming calls" exception would be an obvious attempt to

circumvent the warrant requirements in RCW 9.73.090(2) for recording 1–party consent calls. AGO 20, at 15–19 (1980).

The State argues, and the trial court held, that the legislative intent in enacting the "incoming calls" exception was to limit exempted calls to those (a) of an emergency nature which (b) go through the station switchboard. We are not persuaded. While the Legislature possibly may have intended that, it certainly did not say it. When statutory language is plain and unambiguous, the statute's meaning must be derived from the wording of the statute itself. *Bellevue Fire Fighters Local 1604 v. Bellevue,* 100 Wn.2d 748, 750, 675 P.2d 592 (1984). The plain language of the statute exempts "incoming telephone calls to police . . . stations", including the call recorded by defendant.

The conviction is reversed and dismissed.

DOLLIVER, C.J., UTTER, DORE, PEARSON, ANDERSEN, GOODLOE, and DURHAM, JJ., and CUNNINGHAM, J. Pro Tem., concur.