[No. 19648-1-I.   Division One.   December 14, 1987.]

NANCY E. KIRTLEY, *as Personal Representative, Appellant,* v. THE STATE OF WASHINGTON, ET AL, *Respondents.*

C. *Nelson Berry III* and *Thoreson, Yost, Berry & Matthews,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Virginia O. Binns, Assistant,* for respondents.

RINGOLD, A.C.J.—Robert Kirtley sustained fatal injuries in an on–the–job accident occurring within the scope of his employment as a National Guard maintenance technician for military helicopters. Kirtley's estate brought this action against the State for wrongful death, alleging *inter alia* that the State was negligent in failing to properly train and supervise the personnel entrusted to operate the helicopter. Upon cross motions for summary judgment, the trial court granted the State's motion for summary judgment and dismissed the action. The estate appeals.

Kirtley was killed on June 1, 1984, while assisting Stephen Bowdish and Angelito Abalahin in performing a static maintenance operational check and run–up of a Cobra helicopter recently issued to the Washington Army National Guard.[1] Abalahin was at the controls of the helicopter while the other two men were performing duties outside the craft. As Abalahin accelerated the craft, it began rotating. Kirtley, kneeling on the ground outside the craft, was struck by the tail boom as it passed the first time. When he rose to his feet and attempted to escape, he was again struck and slammed to the ground. As the result of his injuries, he died within 2 hours.

At the time of the accident all three mechanics were employed as federal civilian technicians pursuant to 32 U.S.C. § 709, which mandated that as a condition of their civilian employment[2] they also be members of the Wash-

---

[1] A run–up of a helicopter consists of revving the engine up to maximum RPM speed while still on the ground.

[2] Kirtley's duties with the Washington National Guard were separate and distinct from the duties he performed pursuant to his federal civilian employment.

ington Army National Guard. Although trained in helicopter maintenance, none of the men were qualified to pilot helicopters. Upon receiving word the State would be receiving the Cobras from the federal government, officials of the Washington National Guard made the decision to train and allow the civilian technicians to perform the operational checks and run–ups.

In its complaint, the estate alleged the State was negligent in failing to properly train and supervise the technicians. Upon cross motions for summary judgment the trial court dismissed the action finding that as a matter of law all of the participants in the helicopter maintenance program, including Kirtley, were State employees and that, as a result, the decedent's sole remedy is provided by statute. RCW 38.40.030.[3]

The estate contends that Kirtley was not acting as an agent, employee, or member of the Washington Army National Guard at the time of the accident, but was acting within the scope of his federal civil service employment as a helicopter technician. The State contends that if military helicopter maintenance is federally controlled employment, the State is not liable because there is no state action, or, alternatively, that if it is state controlled employment, statutory compensation is the exclusive remedy.

We review the evidence proffered in accord with the following rules.

A motion for summary judgment under CR 56(c) should be granted only if the pleadings, affidavits, depositions, and admissions on file demonstrate that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. The court must consider all of the facts submitted and reasonable inferences therefrom in the light most favorable to the nonmov-

---

For the State he was a platoon sergeant during monthly weekend drills and summer encampments.

[3]RCW 38.40.030 provides compensation for death or disability "[i]f any member of the organized militia is injured . . . or killed while in active state service".

ing party. *Yakima Fruit & Cold Storage Co. v. Central Heating & Plumbing Co.*, 81 Wn.2d 528, 530, 503 P.2d 108 (1972). The court should grant the motion only if, from all of the evidence, reasonable persons could reach but one conclusion. In reviewing the trial court's decision, this court engages in the same inquiry as did the trial court. *Wilson v. Steinbach*, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982); *Camer v. Seattle Post–Intelligencer*, 45 Wn. App. 29, 35, 723 P.2d 1195 (1986), *review denied*, 107 Wn.2d 1020 (1987).

The National Guard maintains an unusual "hybrid" status as an agency with both federal and state characteristics.

> The National Guard occupies a unique position in the federal structure . . . This role does not fit neatly within the scope of either state or national concerns; historically the guard has been, and today remains, something of a hybrid. Within each state the National Guard is a state agency, under state authority and control. At the same time, the activity, makeup, and function of the Guard is provided for, to a large extent, by federal law.
>
> . . . Indeed, the guard's function, as well as its structure, is hybrid. The Guard "serves the state in time of civil emergencies within the state as well as being available for federal service during national emergencies."

*Johnson v. Orr*, 780 F.2d 386, 388 (3d Cir. 1986) (quoting *New Jersey Air Nat'l Guard v. Federal Labor Relations Auth.*, 677 F.2d 276 (3d Cir. 1982); *Engblom v. Carey*, 522 F. Supp. 57, 65 (S.D.N.Y. 1981)). For the historical and constitutional background of the National Guard, see *Maryland ex rel. Levin v. United States*, 381 U.S. 41, 46–48, 14 L. Ed. 2d 205, 85 S. Ct. 1293 (1965).

Federal civilian employees, such as Kirtley, whose duties consist of the maintenance of National Guard equipment also occupy a hybrid status. As civilian technicians they are employees of the Department of the Army and are required to be members of the (state) National Guard as a condition of their employment, 32 U.S.C. § 709(b), in order to ensure that regardless of whether the National Guard is called out

for a federal or state emergency, the vital services of the technician can be assured.

Prior to 1965, the circuit courts' decisions were in conflict as to whether civilian technicians were state or federal employees. The United States Supreme Court resolved the issue in *Maryland ex rel. Levin v. United States, supra.* The Court held that civilian as well as military employees of the National Guard are to be treated as state employees for purposes of the Federal Tort Claims Act.

In 1968, Congress passed the National Guard Technician's Act which made civilian technicians federal employees. The act provides in pertinent part:

(a) . . . persons may be employed as technicians in—

. . .

(2) the maintenance and repair of supplies issued to the National Guard or the armed forces.
(b) . . . [A] technician employed under subsection (a) shall, while so employed, be a member of the National Guard . . .

. . .

(d) A technician employed under subsection (a) is an employee of the Department of the Army or the Department of the Air Force, as the case may be, and an employee of the United States.

32 U.S.C. § 709.

■■ Several courts have noted the legislative history reveals that the principal purposes of the act were to provide for retirement and fringe benefits, as well as coverage under the Federal Tort Claims Act, for these civilian technicians. *See Johnson,* at 390–92; *American Fed'n of Gov't Employees, Local 2953 v. Federal Labor Relations Auth.,* 730 F.2d 1534, 1542–44 (D.C. Cir. 1984). The legislative history, however, cannot be used to override the express terms of the act which are not ambiguous and contain no limitations upon the scope of the act's provisions. *See State v. Johnson,* 104 Wn.2d 179, 181, 703 P.2d 1052 (1985); *Shelton Hotel Co. v. Bates,* 4 Wn.2d 498, 508, 104 P.2d 478 (1940).

Kirtley was acting within the scope of his federal

employment as a helicopter technician at the time of the accident and was not a state employee. The trial court erred in ruling that Kirtley was a state employee and that his sole remedy is provided by either RCW 38.40.030, for injuries sustained during military service, or under RCW Title 51 for nonmilitary state employees. Whether action or inaction by the State resulted in Kirtley's death is a genuine issue of material fact and cannot be considered on a motion for summary judgment.

The case sub judice is analogous to the recent decision in *Emsley v. Army Nat'l Guard,* 106 Wn.2d 474, 722 P.2d 1299 (1986), which held that the State is not immune from suit for a tort committed against United States Army personnel by members of the Washington National Guard. As Kirtley sustained injuries during the scope of his federal civilian employment as an employee of the Department of the Army, he stands in the same position as that of the plaintiffs in *Emsley.* Kirtley, therefore, is entitled to proceed to trial on the issue of the negligence on the part of the National Guard, and the liability of the State. We reverse the trial court's order granting the State's motion for summary judgment dismissing the case and remand for further proceedings consistent herewith.

PEKELIS, J., and REVELLE, J. Pro Tem., concur.

Review denied by Supreme Court March 1, 1988.