[No. 27003-6-I. Division One. April 20, 1992.]

THE STATE OF WASHINGTON, *Respondent*, v. KEVORK KADORANIAN, *Appellant*.

*Michael A. Frost,* for appellant.

*David S. McEachran, Prosecuting Attorney,* and *Karen Frakes, Deputy,* for respondent.

FORREST, J. — Kevork Kadoranian appeals his conviction for possession of a controlled substance with intent to deliver. He asserts that various pieces of evidence were erroneously admitted at trial, and that his right to counsel was violated at sentencing.

On May 23, 1990, Sal Carino was arrested in Bellingham while picking up a Federal Express package containing 1 kilogram of cocaine. Carino agreed to cooperate with law enforcement officials in apprehending members of a cocaine ring which transported cocaine from Los Angeles to Vancouver, B.C. To that purpose, Carino called Kadoranian, a Canadian citizen and the alleged purchaser of the cocaine. Carino informed Kadoranian that Kadoranian's vehicle, which Carino had been driving, had been impounded. Kadoranian was told he would have to come pick up the vehicle. These telephone conversations were taped with Carino's consent pursuant to RCW 9.73.230(2).

When Kadoranian drove to Bellingham he met Carino at a restaurant. Carino was wearing a body wire. Kadoranian

asked about the package, and upon leaving the restaurant he was arrested. Kadoranian was found guilty of possession of a controlled substance with intent to deliver and sentenced to 7 years.

### CONSTITUTIONALITY OF RCW 9.73.230

Kadoranian argues that the recording of his conversations with Carino, pursuant to RCW 9.73.230, the 1-party consent statute, violated his privacy rights under article 1, section 7 of the state constitution and, accordingly, the evidence must be suppressed. The parties agree, and our research confirms, that the issue is one of first impression.

RCW 9.73.230 authorizes recording of a conversation in the course of certain criminal investigations where (1) one party has consented to the recording, (2) probable cause exists to believe that the communication involves drug dealing, (3) the recording is authorized by a supervising officer, (4) a written report is prepared, and (5) the written report is properly submitted to a judicial officer for review. The United States Supreme Court has held that when recordings of conversations are obtained through the consent of one of the parties to the conversation, no search has occurred and thus no warrant is required.[1]

█ Factors set forth in *State v. Gunwall*[2] provide a guide to independent state constitutional analysis.[3] Since *Gunwall* itself establishes that article 1, section 7 of the Washington Constitution provides greater protection to telephonic and electronic communication,[4] the issue clearly merits independent state analysis.

---

[1]*United States v. White*, 401 U.S. 745, 752, 28 L. Ed. 2d 453, 91 S. Ct. 1122 (1971).

[2]106 Wn.2d 54, 720 P.2d 808, 76 A.L.R.4th 517 (1986).

[3]The six *Gunwall* factors are: (1) textual language, (2) differences in the text, (3) state constitutional and common law history, (4) preexisting state law, (5) structural differences, and (6) matters of particular state or local concern. *Gunwall*, at 61-62.

[4]"The State of Washington has a long history of extending strong protections to telephonic and other electronic communications." *Gunwall*, at 66.

The most significant *Gunwall* factor, preexisting state law, however, does not support protection for situations where one party consents to the recording. In *State v. Jennen*,[5] prior to state *legislation* recognizing a privacy interest,[6] the Supreme Court held that no privacy rights had been violated when a policewoman was allowed to listen to a conversation through an extension telephone.[7] The court quoted the United States Supreme Court:

> Each party to a telephone conversation takes the risk that the other party... may allow another to overhear the conversation.

*State v. Jennen*, 58 Wn.2d 171, 174, 361 P.2d 739 (1961) (quoting *Rathbun v. United States*, 355 U.S. 107, 111, 2 L. Ed. 2d 134, 78 S. Ct. 161 (1957)). While listening at another telephone is different from tapping the line and recording it, the underlying principle remains the same; a person takes a risk that the other party to the conversation may provide access to the conversation to others, no matter what means are used. Thus, prior to the state legislation recognizing a privacy interest in private conversations, Washington decisional law did not recognize such an interest.

 However, since 1967 Washington statutory law has exhibited a concern for protecting private communications.[8] Although the courts have not addressed the constitutionality of RCW 9.73.230, they have dealt with RCW 9.73.030(2), which authorizes recording with 1-party consent in certain

---

[5] 58 Wn.2d 171, 361 P.2d 739 (1961).

[6] *See* RCW 9.73.030.

[7] *Jennen*, at 174.

[8] For example, RCW 9.73.030(1), enacted in 1967, provides, in part:
"Except as otherwise provided in this chapter, it shall be unlawful for any individual, partnership, corporation, association, or the state of Washington, its agencies, and political subdivisions to intercept, or record any:
"(a) Private communication transmitted by telephone . . . without first obtaining the consent of all the participants in the communication;
"(b) Private conversation, by any device electronic or otherwise designed to record or transmit such conversation . . .".

specific factual situations,[9] and RCW 9.73.090(1)(a), which authorizes recording of incoming calls to police or other emergency services.[10] Significantly, both of these statutes lack the legislative safeguards built into RCW 9.73.230, such as requiring, in addition to 1-party consent, probable cause to believe communication involves drug dealing, authorization by a supervising officer, and preparation of a written report which must be promptly submitted to a judicial officer for review.[11] Nonetheless, the legitimacy of recording pursuant to RCW 9.73.030 and RCW 9.73.090 has been recognized in Washington cases.[12] In *State v. Williams*,[13] the court specifically approved the admission of testimony under RCW 9.73.030(2).[14] In *State v. Johnson*[15] the court treated RCW 9.73.090(1)(a) as valid without discussion. Although constitu-

---

[9]RCW 9.73.030(2) reads:
"Notwithstanding subsection (1) of this section, wire communications or conversations (a) of an emergency nature, such as the reporting of a fire, medical emergency, crime, or disaster, or (b) which convey threats of extortion, blackmail, bodily harm, or other unlawful requests or demands, or (c) which occur anonymously or repeatedly or at an extremely inconvenient hour, or (d) which relate to communications by a hostage holder or barricaded person as defined in RCW 70.85.100, whether or not conversation ensues, may be recorded with the consent of one party to the conversation."

[10]RCW 9.73.090(1) reads:
"The provisions of RCW 9.73.030 through 9.73.080 shall not apply to police, fire, emergency medical service, emergency communication center, and poison center personnel in the following instances:
"(a) Recording incoming telephone calls to police and fire stations, licensed emergency medical service providers, emergency communication centers, and poison centers;"

[11]*See* RCW 9.73.230(1)(a)-(c), (6).

[12]*See also State v. Cisneros*, 63 Wn. App. 724, 821 P.2d 1262 (1992) (holding that a police intercept authorized by a judge pursuant to RCW 9.73.090(2) does not violate article 1, section 7 of our constitution).

[13]94 Wn.2d 531, 617 P.2d 1012, 24 A.L.R.4th 1191 (1980).

[14]*Williams*, at 549.

[15]104 Wn.2d 179, 180-81, 703 P.2d 1052 (1985).

tional arguments were not addressed in these previous cases, this history is persuasive evidence that neither the fourth *Gunwall* factor, preexisting state law, nor the sixth, local considerations, supports a holding that the Washington State Constitution, article 1, section 7, prohibits recording a conversation where one party has consented thereto.

Moreover, the policy considerations against such a rule are overwhelming. As succinctly stated by the United States Supreme Court:

> we are not prepared to hold that a defendant who has no constitutional right to exclude the informer's unaided testimony nevertheless has a Fourth Amendment privilege against a more accurate version of the events in question.

*United States v. White*, 401 U.S. 745, 753, 28 L. Ed. 2d 453, 91 S. Ct. 1122 (1971). In other words, since the conversant knowingly runs the risk that the conversation will be repeated by the other party, there is no legitimate expectation of privacy in the conversation. Indeed, since such 1-party consent recordings are most frequently used where the consenting party is acting as an agent of the police, it seems that an accurate record of what was said to the defendant and what the defendant said to the police agent will most often be of benefit to the defendant. Unfortunately, such informants have a strong motive to slightly bend or twist their recollection of the conversation to implicate a defendant and discharge whatever obligation they have undertaken to law enforcement. The only possible benefit to a defendant in excluding the tape of such conversations is that without a recording he can attack a truthful witness's credibility which would be impossible in the face of a recording. We see no reason to interpret our state constitution to protect such an interest when objective and accurate evidence is available to establish who said what to whom. It would be a strange rule of evidence that would exclude the most reliable evidence of a conversation in favor of the uncertain and self-interested recollection of the parties.

The defendant seeks to rely on the Alaska court's reasoning in *State v. Glass*[16] in support of departing from the reasoning of *White*. The *Glass* court reasoned that while the risk of a conversation being repeated is well known and not entitled to privacy protection, the risk of a recording is "not yet rooted in common American experience, and it should not be thrust upon us". *State v. Glass*, 583 P.2d at 877 (quoting *Holmes v. Burr*, 486 F.2d 55, 72 (9th Cir.), *cert. denied*, 414 U.S. 1116, 38 L. Ed. 2d 744, 94 S. Ct. 850 (1973)). The empirical basis for this understanding of American experience is doubtful. In any event, even if the risk is not known, that fact is a poor reason for the judicial system not to avail itself of the best evidence of the conversation. Alaska stands alone. A number of other states have reached the same conclusion that we do.[17]

The Legislature has recognized a general privacy right in private conversations, and we find nothing unconstitutional in the exception it has provided for investigation of drug dealing. Indeed, the Legislature has provided a number of safeguards in RCW 9.73.230 not present in RCW 9.73.030 or RCW 9.73.090. We hold RCW 9.73.230 to be a constitutional exercise of legislative authority. The taped evidence of Kadoranian's conversations is admissible.

Affirmed.

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall

---

[16]583 P.2d 872 (Alaska 1978).

[17]*See, e.g., Commonwealth v. Blystone*, 519 Pa. 450, 549 A.2d 81 (1988), *aff'd*, 494 U.S. 299, 108 L. Ed. 2d 255, 110 S. Ct. 1078 (1990); *People v. Phillips*, 41 Cal. 3d 29, 52, 711 P.2d 423, 222 Cal. Rptr. 127 (1985); *People v. Velasquez*, 641 P.2d 943 (Colo.), *cert. denied*, 459 U.S. 805, 74 L. Ed. 2d 43, 103 S. Ct. 28 (1982); *Morningstar v. State*, 428 So. 2d 220 (Fla. 1982), *cert. denied*, 464 U.S. 821, 78 L. Ed. 2d 95, 104 S. Ct. 86 (1983); *State v. Boone*, 581 P.2d 571 (Utah 1978); *People v. Richardson*, 60 Ill. 2d 189, 328 N.E.2d 260, *cert. denied*, 423 U.S. 805, 46 L. Ed. 2d 25, 96 S. Ct. 13 (1975).

200

be filed for public record pursuant to RCW 2.06.040, it is so ordered.

GROSSE, C.J., and KENNEDY, J., concur.