[No. 16040-1-I. Division One. December 8, 1986.]

NAGATANI BROTHERS, INC., *Appellant*, v. SKAGIT COUNTY BOARD OF COMMISSIONERS, *Respondent*.

*Charles R. Twede* and *Twede & Svaren, Inc., P.S.*, for appellant.

*C. Thomas Moser, Prosecuting Attorney*, and *John R. Moffat, Deputy*, for respondent.

WILLIAMS, J.—Nagatani Brothers, Inc., appeals from a judgment upholding the denial of its plat application by the Skagit County Board of Commissioners. We reverse.

In 1966, the subject property was zoned residential and, the following year, was purchased by Nagatani Brothers. In 1980, the Board changed the zoning for this property to agriculture. In 1982, the Board's action was declared invalid by the Superior Court, and the property's zoning reverted to residential. In October 1983, the Board again changed the zoning to agriculture.

Meanwhile, in May 1983, Nagatani Brothers had filed its plat application, which proposed a 29–lot residential development on the 18.5 acres. The property is located adjacent to a farm, which is in an agriculture zone, and is bounded on the other three sides by residences, upon land zoned residential. Six lots bound upon the farm, and Nagatani Brothers made allowance for a buffer in that direction by making those lots substantially larger than the others.

The planning commission recommended denial of the application for the following reasons:

1. The proposed preliminary plat would place 29 additional residential lots adjacent to land in agricultural production. This would cause conflicts between residential and agricultural uses which may be detrimental to both. Agricultural odors, dust and pesticides would be spread to the proposed plat by northwest winds which may be harmful to residential lot owners and pets, who may then strive for limitations on agricultural practices on the adjacent lands. Additionally, with 29 residential lots there will be additional children and dogs in the area which would have an impact on livestock on land adjacent to the north.

2. Development of the proposed preliminary plat would remove 18.5 acres of prime agricultural land from agricultural production.

3. The proposed preliminary plat would have an adverse impact on traffic at the intersections of District Line Road with SR 20 and the Cook Road.

4. The proposed plat is not in compliance with the policies of the Skagit County Northwest District Comprehensive Plan text and map.

The Board adopted the commission's recommendation, and denial of the application was upheld by the Superior Court, which concluded that the Board's action was not arbitrary or capricious.

The first reason is based upon the following comments of a county health department expert:

> The Health Department's major concern would relate to the close proximity of this proposed development to nearby agricultural operations. Quite close to this plat, a chicken farm is currently ceasing operation, partly due to numerous complaints from nearby property owners, many who located long after the establishment of the chicken farm. A nearby dairy farming operation, which uses a sprinkler system to discharge dairy wastes, has inadvertently discharged aerosolized wastes over one (1) mile from the site, resulting in complaints to the Skagit County Health Department.

> The aforementioned agricultural practices, in addition to the potential for pesticide drifts, dust and noise from farm machinery from existing and ongoing farming practices, are somewhat incompatible with the residential living that the proposed subdivision envisions. The Health Department can envision additional complaints regarding agricultural practices should the subdivision be approved.

The problems adverted to by the health department are no doubt likely to occur, but they can be expected wherever a residential zone abuts an agriculture zone. Ideally, there should be property set aside to form a buffer between the two. In effect, that is what the Board seeks to do with Nagatani Brothers' property because the Board has zoned the property residential, thereby precluding any agricultural use, but has refused to allow it to be used for residential purposes. Of course, if the property was zoned for and used for agricultural purposes, the problems stated by the health department would obtain with respect to the residential areas on the other three sides of the property.

■ The basic rule of land use law is that an individual should be able to utilize his own land as he sees fit, and a local government's exercise of its police power must be reasonable and rationally related to a legitimate purpose of government, such as avoiding harm or protecting health, safety and the general, not local or parochially conceived, welfare. *Norco Constr., Inc. v. King Cy.*, 97 Wn.2d 680, 684–85, 649 P.2d 103 (1982). Nagatani Brothers has a right

to use its property in some way, and its solution is probably the best. By making the lots adjacent to the agriculture zone somewhat larger, the houses built thereon can be located so as to establish a buffer against the farming activities. The first reason relied on by the Board to deny the application is invalid.

The Superior Court concluded, and we agree, that the second reason was an inadequate ground for denying the application, *see Kenart & Assocs. v. Skagit Cy.,* 37 Wn. App. 295, 680 P.2d 439, *review denied,* 101 Wn.2d 1021 (1984), and that the third reason was not valid because it was not supported by the facts. The fourth reason is much the same as the first reason and is invalid because the proposal for residential use is in compliance with the residential zoning.

The record indicates that the sole substantive reason for denial of the plat application is that the responsible authorities desire the property to remain agricultural. We said in *Kenart & Assocs.,* at page 303:

> Our concern in this case is that the planning commission may have denied approval of the PUD as a result of community displeasure rather than for the reasons stated. In every instance the developer either satisfied, or offered a change to satisfy, the concerns raised; yet its application was denied based on findings which are virtually unreviewable. Loss of agricultural land which has been zoned residential does not impress us as a logical reason for denial. We also have difficulty understanding, without more explanation, why disruption of existing rural lifestyles and a surplus of lots in the community are valid reasons for denial. The findings in this case neither provide guidance to the developer nor permit meaningful appellate review.

The judgment is reversed and the cause remanded to the Superior Court to, in turn, remand the plat application to the Board with directions to approve the plat as submitted or advise Nagatani Brothers what modifications should be

made in the plat in order to obtain approval.

SCHOLFIELD, C.J., and GROSSE, J., concur.

Review granted by Supreme Court March 4, 1987.