[No. 53471–3.   En Banc.   July 16, 1987.]

NAGATANI BROTHERS, INC., *Respondent,* v. SKAGIT COUNTY BOARD OF COMMISSIONERS, *Petitioner.*

*Michael E. Rickert, Prosecuting Attorney,* and *John R. Moffat, Chief Civil Deputy,* for petitioner.

*Twede & Svaren, Inc., P.S.,* by *Charles R. Twede,* for respondent.

BRACHTENBACH, J.—This action arose from Skagit County's denial of approval of a preliminary plat. The superior court upheld the County's action. The Court of Appeals reversed. *Nagatani Bros. v. Skagit Cy. Bd. of Comm'rs,* 46 Wn. App. 106, 728 P.2d 1104 (1986). We affirm the Court of Appeals, but modify the remand directions.

Nagatani Brothers, Inc. (owner) owned 18.5 acres which was used for agricultural purposes. When the owner acquired the property in 1967, it was zoned residential. It remained so zoned until 1980 when the County rezoned it agricultural. That rezoning was invalidated in a court action, so the zoning reverted to residential, which it was when the owner filed its preliminary plat application in May 1983. Five months later the County rezoned the property to agricultural.

The owner's preliminary plat was for 29 residential lots.

The proposed plat abutted residential areas on two sides. Adjoining on one side were agricultural lands actively farmed.

The Skagit County Planning Commission recommended denial of the application. It cited four reasons for denial. The County Commissioners, without a public hearing, adopted the reasons given by the Planning Commission and denied approval.

The four reasons given by the Planning Commission and adopted by the County Commissioners were:

1. The proposed preliminary plat would place 29 additional residential lots adjacent to land in agricultural production. This would cause conflicts between residential and agricultural uses which may be detrimental to both. Agricultural odors, dust and pesticides would be spread to the proposed plat by northwest winds which may be harmful to residential lot owners and pets, who may then strive for limitations on agricultural practices on the adjacent lands. Additionally, with 29 residential lots there will be additional children and dogs in the area which would have an impact on livestock on land adjacent to the north.

2. Development of the proposed preliminary plat would remove 18.5 acres of prime agricultural land from agricultural production.

3. The proposed preliminary plat would have an adverse impact on traffic at the intersections of District Line Road with SR 20 and the Cook Road.

4. The proposed plat is not in compliance with the policies of the Skagit County Northwest District Comprehensive Plan text and map.

Clerk's Papers, at 105–06.

Reason 2, removal of prime agricultural land from production, is not a valid reason because the County concedes that its consideration must be based on this land being zoned residential. The County's initial effort to change this property from residential to agricultural use was not successful. The loss of agricultural land resulted from the county's zoning action (at least 16 years prior to filing of the preliminary plat), not from the proposed use by

the owner in accordance with the zoning. *Kenart & Assocs. v. Skagit Cy.*, 37 Wn. App. 295, 302, 680 P.2d 439, *review denied*, 101 Wn.2d 1021 (1984).

▎ Reason 3, adverse traffic impact, is not supported by the record. The fourth reason likewise does not support a denial. The inconsistency between the zoning ordinance and the comprehensive plan must be resolved by application of the zoning ordinance. *Norco Constr., Inc. v. King Cy.*, 97 Wn.2d 680, 649 P.2d 103 (1982).

This leaves reason 1 as the sole support for denial. The County contends that this reason is "based upon concern for future adverse environmental impacts of the proposed preliminary plat being located immediately adjacent to land in existing agricultural production". Brief of Respondent, at 9–10. The essence of the County's position is that its denial was justified for environmental concerns alone as expressed in the State Environmental Policy Act of 1971 (SEPA), RCW 43.21C, an act not mentioned by the Court of Appeals. We specifically recognized a county's power to deny a preliminary plat application on environmental grounds in *Buchsieb/Danard, Inc. v. Skagit Cy.*, 99 Wn.2d 577, 580–81, 663 P.2d 487 (1983).

Here, however, the record is wholly unsatisfactory to justify denial upon future environmental impact. The Board of County Commissioners had nothing before it justifying such a denial. The motion before the County Commissioners for denial of the application was "based upon strictly . . . [what] was presented to us [the four reasons stated by the Planning Commission]." Exhibit 33, at 7. Those four reasons had been incorporated in the formal motion signed by the chairman and secretary of the Planning Commission.

The Planning Commission staff report was before the Commission. The findings of the Planning Commission are simply an adoption of the staff report. The only reference in the staff report to *any* environmental concerns is a partial quotation from a letter from the Skagit County Health Department, to wit:

The Health Department's major concern would relate to the close proximity of this proposed development to nearby agricultural operations. Quite close to this plat, a chicken farm is currently ceasing operation, partly due to numerous complaints from nearby property owners, many who located long after the establishment of the chicken farm. A nearby dairy farming operation, which uses a sprinkler system to discharge dairy wastes, has inadvertently discharged aerosolized wastes over one (1) mile from the site, resulting in complaints to the Skagit County Health Department.

The aforementioned agricultural practices, in addition to the potential for pesticide drifts, dust and noise from farm machinery from existing and on–going farming practices, are somewhat incompatible with the residential living that the proposed subdivision envisions. The Health Department can envision additional complaints regarding agricultural practices should the subdivision be approved.

Clerk's Papers, at 105. The full letter from the health department was an exhibit at trial and includes this sentence: "Therefore, major environmental health concerns have been addressed to our satisfaction."

The Planning Commission had before it the draft environmental impact statement (EIS) and the final EIS. The latter is nothing more than a list of the persons and agencies to whom the draft EIS was sent and responses thereto. There was no evaluation of the comments. Seven of the agency responses stated that no response was required. One recommended a small park area, a matter not relied upon by the County Commissioners in denying the application. The Department of Transportation recommended minor traffic changes to mitigate traffic impacts. One neighbor complained about loss of agricultural land and increased traffic, and expressed concern about the flood level.

The draft EIS finds only one adverse impact which could not be mitigated—the loss of agricultural land. The EIS notes that "[p]otential conflicts with agricultural uses to the west and north of the site will be diminished because of the large lot size (one acre) . . . on the west side of the

plat which will allow setback from agricultural activities."
Exhibit 2, at 9.

SEPA mandates that action is to be conditioned or denied only on the basis of specific, proven significant environmental impacts. To deny an application on environmental grounds the significant adverse impacts are to be identified in a final or supplemental EIS. RCW 43.21C.060. Here the final EIS does not identify any adverse impacts; even the draft EIS only relates loss of agricultural land. The potential conflicts speculated upon by the health department are found by the draft EIS to be mitigated by the plat configuration. Therefore, the County Commissioners could not properly deny the preliminary plat on the basis of environmental concerns expressed in SEPA.

The trial court concluded that reasons 2 and 3 for denial, as stated by the Planning Commission, are not valid reasons. As pointed out above, reason 4 is also invalid. The trial court concluded that the real reason for denial "is based upon concern for the encroachment of residential development on adjoining agricultural lands." Based on this record, denial on that basis was an arbitrary and capricious decision.

We emphasize the necessity of administrative bodies following the applicable statutes and the applicable written regulations and policies. An adequate record, including intelligible findings based upon the evidence presented to the decision makers, must be made to allow required judicial review. Although this court has searched the record and has considered documents which were trial exhibits, we must conclude that this record falls far short of being an adequate record. Also, we must comment on another aspect of this record. We question the propriety of individual Planning Commission members putting into the record, after testimony at the public hearing is closed but before the decision is made, their personal knowledge about potential adverse impacts and supposedly comparable uses. The decision makers should act upon facts presented pursuant to statute and on the record. Individual members

should not become witnesses as happened here.

The matter is remanded to the trial court with directions to remand to the County Commissioners with directions to approve the preliminary plat.

PEARSON, C.J., and UTTER, DOLLIVER, DORE, ANDERSEN, CALLOW, GOODLOE, and DURHAM, JJ., concur.