**SEATTLE SMSA LIMITED, PARTNERSHIP, et al., Plaintiffs,**

v.

**SAN JUAN COUNTY, a Washington municipal corporation, Defendant.**

**No. C96–1521Z.**

United States District Court, W.D. Washington, at Seattle.

April 11, 1997.

Roger A. Pearce, Patrick J. Mullaney, Foster, Pepper & Shefelman, Seattle, WA, for Plaintiffs.

Mark R. Johnson, Karr Tuttle Campbell, Seattle, WA, Randall K. Gaylord, John T. Krall, San Juan County Prosecuting Attorney, Friday Harbor, WA, for Defendant.

Aaron H. Caplan, Perkins Coie, Seattle, WA, for Amicus Cellular Telecommunications Industry Assoc.

### ORDER

ZILLY, District Judge.

This case arises out of petitioners Seattle SMSA Limited Partnership and U S WEST NewVector Group, Inc.'s appeal of a land use decision by San Juan County denying their application for a conditional use permit to place two proposed cellular telecommunication towers on Lopez Island. The case proceeded to trial on March 14, 1997, on an expedited basis pursuant to a stipulation of the parties, docket no. 21. The Court has considered the administrative record as required by the Washington Land Use Petition Act, the briefs of the parties, the amicus brief of the Cellular Telecommunications Industry Association, and the argument of counsel presented on March 14, 1997, and now GRANTS in part and DENIES in part petitioners' request for relief, and REMANDS the matter to the San Juan County Board of Adjustment for further action consistent with this opinion.

Petitioners are providers of cellular telephone services. They applied for conditional use permits from the San Juan County Board of Adjustment (the "Board") to erect two cellular facilities on San Juan Island and two on Lopez Island. The Board denied these requests, and petitioners appealed to this Court.[1] Petitioners bring their appeal under both the Washington Land Use Petition Act, RCW 36.70C.005 et seq., and the Telecommunications Act of 1996, 47 U.S.C. § 332.

Petitioners challenge the decision of the Board on several grounds. First, petitioners contend that the Board's action discriminated among providers of cellular services in violation of 47 U.S.C. § 332(c)(7)(B)(I). The Court finds no basis for this contention. Second, petitioners assert that the Board's decision has the effect of prohibiting the provision of cellular services, a violation of 47 U.S.C. § 332(c)(7)(B)(II). The Court also concludes that this argument is meritless.

Petitioners challenge the Board's decision claiming there is no substantial evidence to support the decision to deny

---

1. Subsequent to the filing of this action, the County agreed to permit the construction of the two facilities on San Juan Island. As a result, this order relates solely to the proposed facilities on Lopez Island.

the permits, in contravention of both state and federal law. Under Washington law, the review of a quasi-judicial land use decision is limited to the administrative record and courts must give judicial deference to factual findings. RCW 36.70C.120(1). The court may only grant relief if the applicant has carried its burden of demonstrating that the decision was clearly erroneous, unlawful, not supported by substantial evidence, or in violation of the Constitution. RCW 36.70C.130. In this case, petitioners claim that the Board's land use decision is "not supported by evidence that is substantial when viewed in light of the whole record before the court." RCW 36.70C.130(c).

Similarly, the Telecommunications Act of 1996 requires that "[a]ny decision by a State or local government or instrumentality thereof to deny a request to place, construct, or modify personal wireless service facilities shall be in writing and supported by substantial evidence contained in a written record." 47 U.S.C. § 332(c)(7)(B)(iii). The parties conceded at trial and the Court concludes that the state and federal provisions essentially impose the same requirement on the Board to provide a written decision whose conclusions are supported by substantial evidence.[2]

While the parties agree on the burden the Board must satisfy, they disagree over whether it was met in this case. San Juan County urges the Court to search the entire administrative record for the substantial evidence the County asserts the record contains. The Court declines the County's invitation to engage in an independent review of the record. Rather, the Court concludes that the Board must provide written findings of fact which indicate their evidentiary basis. *See Weyerhaeuser v. Pierce County*, 124 Wash.2d 26, 35–36, 873 P.2d 498 (1994); *Levine v. Jefferson County*, 116 Wash.2d 575, 581, 807 P.2d 363 (1991). Findings of fact by an administrative agency are "subject to the same requirement as are findings of fact drawn by a trial judge." *State ex rel. Bohon v. Dept. of Pub. Serv.*, 108 P.2d 663, 6 Wash.2d 676 (1940). The purpose of findings is to enable the reviewing court to be fully informed as to the decision. *Kenart & Assoc. v. Skagit County*, 37 Wash.App. 295, 301–02, 680 P.2d 439, *rev. denied*, 101 Wash.2d 1021 (1984) ("[T]here must be both findings and an adequate record to review adjudicatory proceedings. The reasons for this requirement are to provide a basis for review and guidance to the developer.") (citation omitted); *see also Levine*, 116 Wash.2d at 581, 807 P.2d 363.

The Court concludes that the Board has failed to satisfy its obligation to provide adequate written findings to support its decision. The Board's opinion entitled "Findings and Conclusions," found in the administrative record at page 5, is nothing more than conclusory statements for which no explanations are provided. Finding No. 1 states that the proposed towers are contrary to the land use plan and "will detract from the natural beauty and resources of the islands ...." This statement provides no explanation of how or why the use will have this effect and points to no evidence in support of this conclusion.[3] Similarly, Finding No. 3 conclusorily states that the towers are contradictory to the existing, rural-residential development patterns in the proposed locations.[4] Such a broad statement could justify the denial of almost any application for any

---

2. Evidence is "substantial" if it would convince a reasonable and unprejudiced mind of the truth of the conclusion. *BellSouth Mobility Inc. v. Gwinnett County*, 944 F.Supp. 923, 928 (N.D.Ga.1996); *Hansen v. Chelan County*, 81 Wash.App. 133, 137–38, 913 P.2d 409 (1996).

3. Aesthetic factors may be considered but may not be the sole basis for denying a proposed use. *Polygon Corp. v. Seattle*, 90 Wash.2d 59, 70, 578 P.2d 1309 (1978); *Anderson v. Issaquah*, 70 Wash.App. 64, 82, 851 P.2d 744 (1993).

4. The County's own ordinance classifies telecommunication facilities as utilities allowed in urban, suburban, and rural zones by conditional use permit. *See* SJCC § 16.44.165(B).

use. Additionally, the Board denied the application in part due to concerns that property values would be adversely affected. *See* Finding No. 5. The only expert appraisal testimony indicated that the towers would cause no harm to property values. Although the Board is permitted to weigh this expert testimony, it has an obligation to explain why it concluded in Finding No. 5 that the proposed use may decrease property values.

■ Where the Board did make findings, the Court holds that these do not provide substantial support for its decision. For example, Finding No. 2 states in part that the proposed use requires denial because a significant number of residents and property owners have expressed "vehement opposition." Under Washington law, the Board should give weight to community displeasure but cannot base its decision solely on this fact. *Sunderland Family Treatment Services v. City of Pasco,* 127 Wash.2d 782, 797, 903 P.2d 986 (1995); *Kiewit Constr. Group, Inc. v. Clark County,* 83 Wash.App. 133, 142–43, 920 P.2d 1207 (1996). Thus such a finding does not provide a substantial basis for denying the permit. In sum, nothing in the Board's "Findings and Conclusions" points to substantial evidence in the record that was relied upon by the decision makers. Meaningful judicial review is not possible given the written statement provided by the Board in this case.[5]

■ The Court also concludes that remand is appropriate because the members of the Board relied upon evidence which could not be considered in making their decision as a matter of law. The Board based its decision in part on the "vehement opposition" of residents and property owners and in part on fears of reduced property values,[6] *see* Finding Nos. 2 & 5, both of which flowed from concerns about the health effects of radio frequency emissions from the cellular facilities. As reflected in the Telecommunications Act, Congress has determined that facilities that comply with applicable Federal Communications Commission ("FCC") regulations do not pose a health risk and cannot be a basis for denying a permit. 47 U.S.C. § 332(c)(7)(B)(IV). Although the Board's Finding No. 7 acknowledged that "[i]t has been decided by the Federal Government that the proposed use will not cause significant adverse impacts on the human or natural environments," it is not possible for the Court to know whether or to what extent the Board relied on testimony or other evidence about these possible adverse impacts in reaching its decision. Remand is appropriate for the Board to explain what it did rely upon so that the Court can be assured that it did not rely upon concerns related to radio frequency emissions.

Finally, the comments in the record by the Board members also suggest that improper or unsupported concerns motivated their decision. For example, Board member Kenady expressed an interest in denying the permits because the "health aspects" were "certainly a concern for the people of Lopez."[7] Board member Langton asserted that "nobody can convince me that this does not affect property values" and would vote to deny "based on that."[8] In addition, Board member Brown's only

5. Although the Telecommunications Act of 1996 does not explicitly demand that local governments make findings, the Court holds that the Board's statement does not satisfy the purpose of the Act's requirement that local governments prepare written opinions if they deny a petition to construct cellular facilities. *See Western PCS II Corp. v. Extraterritorial Zoning Auth.,* 957 F.Supp. 1230 (D.N.M.1997) ("The requirement for a written denial was obviously included to permit a reviewing court to ascertain the rationale behind a denial so that it can determine if that denial comports with the requirements of the statute."). *But see BellSouth Mobility Inc. v. Gwinnett County,* 944 F.Supp. 923, 928 (N.D.Ga.1996) (court reviewed the record looking for substantial evidence).

6. *See, e.g.,* TR:69 (Peterson testimony); TR:123 (Packer testimony); TR:171–72 (Peterson testimony).

7. TR:191–92.

8. TR:193.

stated reason for denial was that she found petitioners' actions "extremely intrusive" and "terribly offensive" because the towers would "homogenize this County to the rest of the United States."[9] These statements by Board members call into question whether improper grounds were relied upon in reaching their decision.

## CONCLUSION

The role of this Court in reviewing the decision to deny the conditional use permits is not to substitute its judgment for that of the Board. *Hilltop Terrace Homeowner's Ass'n v. Island County*, 126 Wash.2d 22, 891 P.2d 29 (1995). Nonetheless, the Court has a responsibility to ensure that substantial evidence supported the decision reached, a task made impossible from the written statement prepared by the Board. The Court has no way of knowing what convinced the Board to deny the application and whether the result was infected by improper evidence. Accordingly, the Court REMANDS this case to the San Juan County Board of Adjustment to reconsider its decision within 120 days of this order. The Court will retain jurisdiction of this case to decide any subsequent appeal arising from these proceedings.

IT IS SO ORDERED.

The Clerk of the Court is directed to send uncertified copies of this order to all counsel of record.